## UNITED STATES *v.* CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, AND OTHERS.

APPEAL—WHAT ORDERS ARE APPEALABLE FROM SUPREME COURT OF UTAH.—Under section 692 Rev. Stat., an order appointing a receiver is not a "final decree," and cannot be appealed from to the supreme court of the United States.

APPLICATION for an appeal from an order of the supreme court of Utah appointing a receiver to take charge of the assets of the Church of Jesus Christ of Latter-day Saints.

*Mr. Le Grande Young,* and *Messrs. Sheeks & Rawlins,* for the application.

*Mr. George S. Peters, contra.*

HENDERSON, J.:

The defendant corporation makes application for an appeal to the supreme court of the United States, under section 692, Rev. St., U. S., from the order heretofore made herein appointing a receiver. The complaint prayed that a receiver be appointed by the court to take charge of the property during the pendency of the suit, and a motion was made for the appointment of a receiver "as prayed in the complaint." The motion was heard upon an agreed statement of facts; it being a part of the stipulation that the facts therein stipulated should be used upon the hearing of the motion, and for no other purpose whatever. At the time the motion was heard, the defendants had filed a general demurrer to the complaint for want of equity. The motion was heard and granted by this court November 5th, last; the opinion of the court being read by the chief justice, and reported, ante p. 361. This opinion recites fully the complaint, and the law under which it is filed. Pursuant to that opinion, an order was entered appointing a receiver, as prayed in the complaint.

Since that time the demurrer has been submitted, and an order entered overruling it; and the defendants have answered, controverting the averments of the complaint, and averring the unconstitutionality of the law under which it is brought.   A commissioner has been appointed to take testimony.   This is the situation of the case when this application is made.   The statute before referred to, under which this application is made, provides that "an appeal shall be allowed to the supreme court from all final decrees."   It is contended by counsel for the defendant corporation that the order appointing a receiver is a final decree, within the meaning of this statute, while counsel for the government contend that the order is not final, but is interlocutory, and therefore not appealable; and this is the only question before us.

The right to appeal is purely statutory, and therefore depends entirely upon the construction of the particular statute upon which an appeal is claimed.   We have been referred by counsel for defendant to a large number of cases from the various states construing various statutes thereof, from which the general rule may be deduced that under statutes allowing an appeal from final orders and decrees, in determining whether an order or decree is final and appealable, the court will look at the substance and effect, rather than to the form, or the time when it is made.   And in applying this general rule to orders appointing receivers, if it is found that the order finally adjudicates and disposes of the subject-matter of the litigation so far as it can be done in the action, or any part of it, then it is appealable.   But if the complaint brings into court a subject-matter ancillary to that in which the court is or may be charged with the care, distribution, disposition, or application of a fund or property, and the court makes a preliminary order appointing a receiver to hold the property for it, awaiting final determination of the principal question, it is not final.   And the rule has been applied with varying results according to the facts under consideration.   Thus, in Michigan, where the rule as above stated has been repeatedly declared: *Kingsbury* v. *Kingsbury,* 20 Mich., 212; *Duncan* v. *Campau,* 15 Mich., 415;

*Wing* v. *Warner*, 2 Doug. (Mich.), 288.    In applying this rule in *Lewis* v. *Campau*, 14 Mich., 458, it was held by a divided court that the order appointing a receiver was final and appealable, under the peculiar facts of that case.    It appeared that the complainant had made application to the probate court to have an administrator removed for misconduct in the management of his trust; that the administrator was delaying the hearing; and pending these proceedings the complainant filed his bill, praying, as principal relief, that a receiver might be appointed to take charge of the trust estate during the pendency of the proceedings.    Upon filing the bill, the court appointed a receiver.    The majority of the court held that it was final, within the rule, because it granted all that the complainant asked as principal relief, and was a final disposition, so far as the court could make it under the bill.    And in *Barry* v. *Briggs*, 22 Mich., 201, the court held the order appointing a receiver appealable, because it took from a sole surviving partner the entire assets of the copartnership, and authorized the receiver to proceed to "sell all the property, and convert it into cash, and directing and commanding the defendant to transfer the legal title to the receiver," thereby divesting the surviving partner of it forever.    These cases were much relied upon by counsel for defendant in this argument.

In the supreme court of the United States the statute under consideration has been repeatedly construed, and substantially the same general rule has been declared: *Railway Co.* v. *Express Co.*, 108 U. S., 24, 2 Sup. Ct. Rep., 6; *Forgay* v. *Conrad*, 6 How., 204; *Trustees* v. *Greenough*, 105 U. S., 527; *Dainese* v. *Kendall*, 119 U. S., 53.    In the case last cited, Chief Justice Waite, in deciding the case, gives a general definition of a final decree, as follows: "A decree, to be final for the purposes of an appeal, must leave the case in such a condition that, if there be an affirmance in this court, the court below will have nothing to do but to execute the decree it has already made.    In *Forgay* v. *Conrad*, *supra*, the court says: "And when a decree decides the right to the property in contest, and

directs it to be delivered by the defendant to the complainant, . . . and complainant is entitled to have such decree carried immediately into execution, the decree must be regarded as a final one to that extent, and authorizes an appeal to this court, although so much of the bill is retained in the circuit court as is necessary for the purpose of adjusting by further decree the accounts between the parties, pursuant to the decree passed. This rule, of course, does not apply to cases where money is directed to be paid into court, or property to be delivered to a receiver, or property held in trust to be delivered to a new trustee appointed by the court, or to cases of the like description. Orders of that kind are frequently and necessarily made in the progress of a case, but they are interlocutory only, intended to preserve the subject-matter in dispute from waste and dilapidation, and to keep it within the control of the court until the rights of the parties are adjudicated by final decree." While in *Trustees* v. *Greenough, supra,* the court held that an order directing certain amounts to be paid out of the trust fund is appealable, because to the extent of such payments the property was finally disposed of. In the case at bar, the statute under which the complaint is brought declares the dissolution of the defendant corporation, and authorizes proceedings in equity in this court to wind up its affairs, and distribute its property, and make assignments thereof. The complaint avers the dissolution, and the right of the government to intervene, and wind up its affairs, and distribute its property. This dissolution and right to administer the defendant denies, and did deny by its demurrer pending at the time this order was made, and still denies by its answer. This, then, is the principal contention and subject-matter in controversy. Taking charge of the property by the court pending the settlement of this controversy is merely auxiliary to the principal question, and that it may be held by the court, and delivered to whomever shall be entitled to it when the controversy shall be determined. The order does not pretend or purport to dispose of any part of the property, or to interfere with the title to it, or to put it beyond the control or reach of the court or

parties, but simply to hold it for them: 3 Pom. Eq. Jur., sec. 1336.

It is insisted that the act under which the complaint is brought declares the dissolution of the corporation, and that the distribution of the property follows as a necessary consequence, so that the validity of the act is the only real question involved; and that, in passing upon the motion, the court decided this question, and that it is therefore final. And counsel refer to the opinion of the court in support of this view. One ground, and indeed the principal one, urged against the appointment of a receiver, was the unconstitutionality of the law; and, in passing upon the motion, this court necessarily considered it, and gave expression to its opinion as a reason for making the order. But it was only passed upon for the purposes of the motion. Neither the opinion, nor the order made upon it, constitutes the decree or final order. When the cause is brought to hearing, upon being perfected for that purpose, if the aspect of the cause has not changed, the opinion before expressed, if not changed on future deliberation, would pass into a decree, and be the subject of appeal. But the court would not be concluded by the opinion before expressed. If, for example, the supreme court of the United States should, before this case is finally heard, make a decision in some other case pending before it, which in our minds was conclusive in favor of defendants, then the decree would be entered herein accordingly. It frequently happens that on some preliminary motion the court is called upon to express an opinion more or less strong in relation to the merits of the controversy; but the order made thereon is not for that reason a final order: *Wing* v. *Warner*, 2 Doug. (Mich.), 288.

On the hearing of the motion for a receiver, it was argued on both sides by eminent and able counsel, and the arguments proceeded upon the theory that the order asked for was interlocutory. Indeed, it was one of the grounds strongly urged by counsel for defendant against the granting of the order. Col. Broadhead in his argument as published, in stating the question presented, said: "Whether

a court of equity or a court of law, under the provisions of a statute authorizing it to take possession of the property of a defendant, to take it out of his custody before there is any determination of the rights involved in the litigation between the parties, is, in the language of the books, an extraordinary remedy; . . . that the defendants have been guilty of some fraudulent acts which justify the interference of a court of chancery in reaching out the strong arm of the law, and taking possession of the property, before there is any determination of the rights in controversy between the parties." And the chief justice, in deciding the motion, said: "In deciding this motion, we are not called upon to finally determine the rights of the parties with respect to the property involved in the case. Such rights will be decided as they ultimately appear." We cite these opinions as showing that it was the judgment of counsel and court, at that time, that the order asked for was interlocutory, and not final.

We should be glad if the case was in condition to give it to the supreme court to determine the important questions involved, but we feel constrained to hold that the order is not appealable. The motion is denied.

ZANE, C. J., and BOREMAN, J., concurred.