M. EASTMAN, APPELLANT, v. A. R. GURREY, RESPONDENT.

APPEAL—ORDER VACATING JUDGMENT—FINALITY—CONSTITUTIONAL LAW—VESTED RIGHTS.

1. The plaintiff recovered judgment in an action of ejectment against defendant. The judgment, on motion for a new trial, was set aside and vacated, and a new trial granted. From the order setting aside and vacating the judgment, plaintiff appealed. Respondent moved to dismiss the appeal on the ground that the judgment not being final, it is not within the constitutional right of appeals. *Held*, affirming *North Point Consol. Irr. Co.* v. *Utah & S. L. Canal Co.*, 14 Utah 155, that, as the appeal was not from a final judgment of the district court, it is prohibited by implication under section 9, art. 8, Const., and by the application of the maxim, "*Inclusio unius est exclusio alterius*." The constitution has taken away the statutory right of appeal from the order vacating and setting aside the judgment appealed from. By using the terms, "from all final judgments of the district courts, there shall be a right of appeal to the supreme court," in connection with the balance of the section, the framers of that instrument intended to deny the right of appeal to the supreme court in all other cases arising under that clause, although no express term of negation was used.

2. The policy of the laws of the several states and of the United States is to prevent unnecessary appeals. Interests of litigants require that cases shall not be prematurely brought to the higher court, nor by piecemeal, and litigants harassed by useless delay and expense, and the courts burdened with unnecessary labor.

3. A citizen has no vested right in the statutory privilege or exemptions. A statutory right to have any particular question reviewed on appeal may be taken away by a repeal of the statute.

(No. 734.   Decided Oct. 29, 1896.)

Appeal from the district court, Third judicial district. Hon. John A. Street, *Judge.*

Ejectment by M. Eastman against A. R. Gurrey. From an order vacating a judgment for plaintiff, plaintiff appeals. Respondent moves to dismiss the appeal on the ground that the order setting aside the judgment was not final. Appeal dismissed.

*C. S. Varian* and *Ricy H. Jones,* for appellant.

*T. Ellis Browne* and *Bennett, Harkness, Howat & Bradley,* for respondent.

MINER, J.:

It appears from the record in this case that the plaintiff recovered judgment in the district court in an action in ejectment against the defendant in February, 1896. This judgment was afterwards set aside and vacated, and a new trial granted, on motion of the defendant. The appellant appeals from the order vacating and setting aside the judgment. The respondent now moves to dismiss the appeal on the ground that no appeal lies to this court from an order vacating and setting aside the judgment, under section 9 of article 8 of the state constitution, and that such order was not a final judgment from which an appeal will lie to this court. The same principle is involved in this appeal as in that of *North Point Consol. Irr. Co.* v. *Utah & S. L. Canal Co.,* 14 Utah 155. That case involved the constitutional right of appeal from an order granting an injunction *pendente lite.* The decision in that case, on principle, is decisive of this. We shall therefore content ourselves with a reference to the reasoning in that case as applicable in this. This case, as that, involves the construction of sections 4 and 9 of article 8 of the constitution. Section 9 provides that, "From all

final judgments of the district courts, there shall be a right of appeal to the supreme court." Upon that subject this court said: "There is no express declaration that appeals will not lie from judgments other than final judgments, but the court considers the affirmative declaration used in the section as manifesting the intent of the framers of the constitution to except from the appellate jurisdiction of the supreme court all appeals other than appeals from a final judgment. This restriction and implication is founded on the manifest intent of the framers of the constitution, and upon the general rules of construction that the expression of one thing in the constitution implies the necessary exclusion of things not expressed. We are of the opinion that when the framers of section 9 used the terms, 'From all final judgments of the district courts, there shall be a right of appeal to the supreme court,' they intended to deny the right of appeal to the supreme court in all other cases arising under that clause, although no express term of negation was used." *Durousseau* v. *U. S.*, 6 Cranch 307; *Ex parte Attorney General*, 1 Cal. 85; *Ex parte McCardle*, 7 Wall. 506; *U. S.* v. *Arredondo*, 6 Pet. 723, 725; Suth. St. Const. §§ 325-327; *Fowler* v. *Scully*, 72 Pa. St. 456; Cooley, Const. Lim. pp. 78-105; Story, Const. §§ 413, 453; *State* v. *Hallock*, 14 Nev. 202; *Ex parte Vallandigham*, 1 Wall. 251; *Railroad Co.* v. *Grant*, 98 U. S. 401. We are of the opinion that an appeal from an order vacating and setting aside a judgment is not an appeal from a final judgment and that such an order is not a final judgment from which an appeal will lie to this court under section 9 of article 8 of the constitution. *Artman* v. *Manufacturing Co.*, (Neb.) 20 N. W. 873; *Baker* v. *White*, 92 U. S. 176; *Telegraph Co.* v. *Locke*, (Ind. Sup.) 7 N. E. 579; *Hume* v. *Bowie*, 148 U. S. 245; Freem. Judgm. § 34; *Bank* v. *Jenkins*, 109 Ill. 219; *Bostwick* v. *Brinkerhoff*, 106 U. S. 3; *Hill* v. *Railroad Co.*,

140 U. S. 52; 2 Enc. Pl. & Prac. p. 53; *Tinly* v. *Martin*, 80 Ky. 463; *Holcombe* v. *McKusick*, 20 How. 552; *Brown* v. *Edgerton*, (Neb.) 16 N. W. 474; *Walker* v. *Oliver*, 63 Ill. 200; *Truett* v. *Rains*, 17 S. C. 451; *Dows* v. *Congdon*, 28 N. Y. 122; *Ray* v. *Northrup*, 55 Wis. 396; *Bolles* v. *Stockman*, 42 Ohio St. 445.

The reason of the rule is obvious. A party against whom an order is made vacating and setting aside a judgment may have all his wrongs redressed, and his rights protected, upon a new trial. If the party whose judgment is vacated succeeds upon a new trial, he has suffered no injury. If he has a fair trial, he should not complain, as he has all the law contemplates. If these rights are not protected upon a final hearing, the errors can usually be corrected upon appeal from the final judgment. "The policy of the laws of the several states and of the United States is to prevent unnecessary appeals. The appellate courts will not review cases by piecemeal. The interests of litigants require that causes should not prematurely be brought to the higher courts. The errors complained of might be corrected in the court in which they originated; or the party injured by them might, notwithstanding the injury, have final judgment in his favor. If a judgment interlocutory in its nature were the subject of appeal, each of such judgments rendered in the case could be brought before the appellate court, and litigants harrassed by useless delay and expense, and the courts burdened with unnecessary labor." 1 Freem. Judgm. § 33. If it be claimed that the right of appeal is guarantied under the statute, the answer would be that a citizen has no vested right in the statutory privileges or exemptions. The statutory right to have any particular question reviewed on appeal may be taken away by the repeal of the statute. The constitution has taken away the right of appeal from the order vacating and setting

aside the judgment appealed from. Cooley, Const. Lim. pp. 471-473; *Ex parte McCardle,* 7 Wall. 506. The appeal in this case is dismissed, with costs.

ZANE, C. J., and BARTCH, J., concur.