# STATE v. OLSEN.

No. 2168. Decided May 6, 1911. Rehearing Denied May 16, 1911
(115 Pac. 968).

1. APPEAL AND ERROR—DECISIONS REVIEWABLE—INTERMEDIATE COURTS —CRIMINAL CASES. Const., art. 8, section 9, provides that appeals shall lie from final judgments of justices of the peace to the district courts, and the decision of the district court thereon shall be final except in cases involving the validity or constitutionality of a statute. Section 686x45 provides that the civil jurisdiction of the municipal court shall be the same as that of justices of the peace,. and in addition thereto like jurisdiction of all cases arising in the county where the court is established. Section 686x46 provides that the criminal jurisdiction of the municipal court shall be the same as now possessed by justices of the peace of cities of the second class or county justices of the peace. Section 686x60 provides that the judge of the municipal court shall be *ex officio* justice of the peace and precinct justice of the peace. Section 686x50 provides that the Code of Civil Procedure relating to justices of the peace shall be the code of procedure of the municipal court. Section 686x43 provides that in all cases appeals shall lie from the municipal court to the district court, under the procedure relating to appeals from justices' courts to district courts. *Held*, that the legislature did not intend to give any other or different right of appeal to the Supreme Court from judgments of the district court in cases appealed from municipal courts than is given in cases appealed to the district courts from justices' courts. (Page 180.)

2. APPEAL AND ERROR—RIGHT TO APPEAL—STATUTORY RIGHT. The right of appeal is purely statutory and exists only. when given by some constitutional or statutory provision. (Page 180.)

3. APPEAL AND ERROR—RIGHT TO APPEAL—STATUTORY RIGHT—DENIAL BY IMPLICATION. A declaration by the statute or Constitution that the right of appeal shall be given in certain cases denies by implication the right of appeal in all other cases. (Page 180.)

4. APPEAL AND ERROR—REMEDIAL STATUTES—JUDGMENTS OF MUNICIPAL COURT. The principle that remedial statutes will be liberally construed applies to statutes granting a right of appeal, but the appellate court cannot create a right by legal intendment unless the legislative intent clearly appears, and the burden rests upon the appellant to bring himself within a reasonable construction

39 Utah—12

of the statute, and where a statute provides that an appeal shall lie from judgments rendered in municipal courts to the district court, but there is no provision either in the Constitution or the statute authorizing an appeal in such case to the Supreme Court, the appellant has failed to rebut the presumption and the Supreme Court is without jurisdiction to determine the questions raised.    (Page 180.)

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Hoken Olsen was convicted in the municipal court of an unlawful sale of spirituous liquor and he appealed to the district court.    From a conviction in the district court, he appeals.

APPEAL DISMISSED.

*J. N. Kimball* for appellant.

*A. R. Barnes,* Attorney-General, for the State.

McCARTY, J.

The defendant in this action was tried and convicted in the Municipal Court of Ogden City, Weber County, Utah, of having, at Huntsville, in said county, unlawfully sold and disposed of certain malt and spirituous and intoxicating "drinks to wit, three bottles of beer, without having obtained a license so to do from the board of commisioners of said Weber County."    From the judgment rendered against him in the municipal court the defendant appealed to the District Court of Weber County.    A trial was had in the district court and the defendant was convicted.    From the judgment rendered against him in the district court the defendant has appealed to this court.

The Attorney General has filed a motion to dismiss the appeal.    One of the grounds assigned in the motion, and the only one we deem necessary to consider, is that the judgment of the district court is final and conclusive, and that no appeal lies therefrom.    We think the motion to dis-

miss must prevail. Section 9 of article 8 of the Constitution of Utah provides, so far as material here, that "appeals shall also lie from the final judgment of justices of the peace in civil and criminal cases to the district courts, . . . and the decision of the district courts on such appeals shall be final, except in cases involving the validity or constitutionality of a statute." The statute under which this action was commenced and prosecuted is not assailed and its validity is in no wise involved in the case. The question, therefore, is, Does the foregoing provision of the Constitution govern in appeals taken from judgments rendered in the municipal courts?

Section 686x45, Comp. Laws 1907, provides that "the civil jurisdiction of said municipal court shall be the same as that exercised by courts of the justices of the peace, and in addition thereto, said court is given like jurisdiction in all cases arising in said county where said court is established." Section 686x46 provides that "the criminal jurisdiction of said municipal courts shall be the same as now possessed by justices of the peace of cities of the second class or county justices of the peace." Section 686x60 provides that the judge of the municipal court "shall be *ex officio* city justice of the peace, and precinct justice of the peace, and as such municipal judge aforesaid shall perform the duties of the offices of said city justice of the peace and of said precinct justice of the peace." Section 686x50 provides, so far as material to the determination of the question here involved, that "the Code of Civil Procedure relating to the justice of the peace courts shall be the code of procedure of said municipal court." Section 686x43 provides that "in all cases appeals shall lie from said municipal court to the district court of the district in which said city may be situated, and for that purpose the procedure and practice relating to appeals from justice's courts to district courts shall be the procedure and practice for taking appeals from said municipal court." It will be observed that the only difference between the jurisdiction of municipal courts and justices of the peace courts is that the civil jurisdiction of

the municipal courts extends to all cases arising in the county where such courts are established, while the civil jurisdiction of justices of the peace courts is restricted to their respective precincts or cities. It would seem from the foregoing provisions of the statute that the legislature intended to and did substitute in cities of the second class municipal courts for justice of the peace courts investing them with practically the same powers and jurisdiction (except as to territorial jurisdiction in civil cases) as is given to justices of the peace courts. While there is no express provision of the statute on the subject, yet we think it is quite clear from the provisions which we have herein set out that the legislature did not intend to give any other or different right of appeal to this court from judgments rendered in the district courts in cases appealed thereto from municipal courts than is given in cases appealed to the district courts from justices of the peace courts. Furthermore, the right of appeal is purely statutory and exists only when given by some constitutional or statutory provision. (*Golding v. Jennings*, 1 Utah 135; 2 Cyc. 517; 4 Ency. L. & P. 16, 17; Elliott App. Proc., section 75.) And the authorities hold that where the right of appeal is given it cannot be extended to cases that do not come within the provisions of the Constitution or statute conferring such right. (2 Cyc. 519, and numerous cases cited in note.) It is also held that "a declaration by the Constitution or statute that the right of appeal shall exist in certain cases denies by implication the right of appeal in all other cases." (2 Ency. Pl. and Pr. 15; *Durousseau v. U. S.*, 6 Cranch, 312, 3 L. Ed. 232; *In re McCardle*, 7 Wall. 506, 19 L. Ed. 264; *National Exch. Bank v. Peters*, 144 U. S. 570, 12 Sup. Ct. 767, 36 L. Ed. 545.)

As we have pointed out, section 686x43, *supra*, of the statute provides that an appeal shall lie from judgments rendered in municipal courts to the district court, but there is no provision, either in the Constitution or the statute, authorizing an appeal in such cases to this court. The rule in cases of this kind is well stated in 2 Ency.

Pl. and Pr. 20, in the following language:

"The principle that remedial statutes will be liberally construed applies to statutes granting a right of appeal. But the appellate court cannot create the right by legal intendment unless the legislative intent clearly appears; and, as no presumption of jurisdiction attaches to appellate tribunals, the burden rests upon the appellant to bring himself within a reasonable construction of the statute."

This the appellant has not done. This court is therefore without jurisdiction to hear and determine the questions sought to be presented by the appeal.

The appeal must therefore be dismissed. It is so ordered.

FRICK, C. J., and STRAUP, J., concur.