# KOURBETIS v. NATIONAL COPPER BANK OF SALT LAKE CITY (UNITED STATES, Intervener).

No. 4589.   Decided February 8, 1928.   (264 P. 724.)

*S. P. Armstrong* and *J. E. Darmer*, both of Salt Lake City, for appellant.

*Dickson, Ellis, Parsons & Adamson*, of Salt Lake City, for respondent.

*C. M. Morris*, of Salt Lake City, for the United States.

HANSEN, J.

The plaintiff brought this action to recover $1,491.63 from the defendant National Copper Bank. In his complaint plaintiff alleges that he deposited in his checking account with the defendant bank, and subject to his order, the sum of $594.90, and also deposited in a savings account with defendant bank the sum of $896.73; that demand had been made upon the defendant bank for the repayment of the money so deposited and repayment refused. The National Copper Bank, in its answer to plaintiff's complaint, alleges that the money deposited by plaintiff with defendant bank was paid to T. A. Callister as deputy collector of internal revenue upon demand under a warrant of distraint which was regular and fair on its face. The bank's answer alleges also that under the laws of the United States of America the plaintiff is authorized to recover any tax or assessment illegally or erroneously levied or collected, and that the

United States of America and the collector of internal revenue for the United States in and for the district of Utah are proper parties to this action, in that the plaintiff and the United States of America are conflicting claimants for the moneys so deposited with defendant bank. The United States of America petitioned for an order permitting it to intervene in this action upon the ground that it "is interested in the subject-matter of this action for the reason that if said action is successfully prosecuted to judgment by the plaintiff herein your petitioner will be subjected to an accounting for the acts of the collector of internal revenue taken and above referred to." The trial court ordered "that the United States of America, petitioner, is allowed to intervene * * * as a party defendant." The United States of America, in its answer in intervention to plaintiff's complaint, sets out the same matter of defense as does the National Copper Bank. In addition thereto, the United States sets out as an additional defense that the plaintiff in this action brought an action against the United States of America for the recovery of the same money which he is in this action seeking to collect from the defendant National Copper Bank; that in the action by the plaintiff herein against the United States of America, upon a stipulation entered into by the plaintiff and his attorney and the attorney for the United States of America, a judgment was rendered in favor of the plaintiff herein for the sum of $929.09 as and for a full settlement and discharge of the claim or claim or claims accruing out of money received by the collector of internal revenue of the United States from the defendant National Copper Bank; that the United States of America paid to the plaintiff herein the amount of said judgment in full. No other pleading than the complaint was filed by or on behalf of the plaintiff.

After the parties offered their evidence, the trial court instructed the jury, and in due time the jury brought in their verdict. The judgment roll contains a document designated, "Judgment on Verdict," which reads as follows:

"This action came on regularly for trial. The said parties appeared by their attorneys. A jury of eight persons was regularly impaneled and sworn to try said action. Witnesses on the part of plaintiff and defendant were sworn and examined. After hearing evidence, the arguments of counsel, and instructions of the court, the jury retired to consider their verdict, and subsequently returned into court, and being called, answered to their names, and say they find a verdict for the defendant National Copper Bank as follows to wit: 'We, the jurors impaneled in the above case, find the issues in favor of the National Copper Bank and against the plaintiff. I. B. Jones, Foreman, Dated May 22, 1926.'

"Wherefore, by virtue of the law and by reason of the premises aforesaid, it is ordered, adjudged and decreed that the said ———— have and recover from ———— the sum of ———— dollars, with interest thereon at the rate of ————— per cent per ———— from the date hereof till paid, together with said ———— costs and disbursements incurred in this action, amounting to the sum of ———— dollars.

"Judgment entered May 24th, A. D. 1926.
County of Salt Lake.—ss.:

"I, Clarence Cowan, clerk of the Third judicial district court of the state of Utah, in and for the county of Salt Lake, do hereby certify that the foregoing is a full, true, and correct copy of the judgment entered in the above entitled action.

"Witness my hand and seal of said court at Salt Lake City, this 24th day of May, A. D. 1926.

Clarence Cowan, Clerk,<br>By Fred J. Bassett, Deputy Clerk."

Plaintiff in due time moved for and was denied a new trial.

Neither the judgment nor the bill of exceptions contains anything purporting to be a judgment except the one designated "Judgment on Verdict" hereinbefore set out.

Defendant National Copper Bank has filed in this court a motion to dismiss this appeal because no judgment has been rendered in this case. "Unless allowed by express statutory provision a writ of error or appeal will not lie from the verdict of the jury without an entry of judgment, or from the mere findings of fact or conclusions of law by the court not followed by the judg-

ment or decree." 3. C. J. 600, and cases collected in the footnote. To the same effect are 2 R. C. L. § 21, p. 39; *Warren* v. *Wilson*, 47 Nev. 259, 220 P. 242; *Scammon* v. *Pearson*, 80 N. H. 122, 113 A. 771; *Diebold* v. *Diebold v. Diebold*, 74 Colo. 557, 223 P. 46; *Hobbs* v. *Hobbs*, 72 Colo. 190, 210 P. 398; *Ouzoonian* v. *Vaughan*, 64 Cal. App. 369, 221 P. 958. The law is well settled in this jurisdiction that an appeal lies from a final judgment only. Const. art. 8, § 9; Comp. Laws Utah 1917, § 6990; *Lowell* v. *Parkinson*, 2 Utah 370; *North Point Con. Irr. Co.* v. *Utah & S. L. Canal Co.*, 14 Utah 155, 46 P. 824; *Eastman* v. *Gurrey*, 14 Utah 169, 46 P. 828; *Standard Steam Laundry* v. *Dole*, 20 Utah 469, 58 P. 1109; *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 P. 817; *Lukich* v. *Utah Const. Co.*, 46 Utah 317, 150 P. 298; Oldroyd 1. McCrea, 65 Utah 142, 235 P. 580, 40 A. L. R. 230.

The Supreme Court of the United States has defined a final judgment for the purposes of an appeal to be one that "terminates the litigation between the parties on the merits of the case, and leaves nothing to be done ■ but to enforce by execution what has been determined." *St. Louis, I. M. & S. R. Co.* v. *Southern Express Co.*, 108 U. S. 24, 2 S. Ct. 6, 27 L. Ed. 638. 'If the judgment is not one which disposes of the whole case on its merits, it is not final." *Bostwick* v. *Brinkerhoff*, 106 U. S. 3, 1 S. Ct. 15, 27 L. Ed. 73. This court has expressed similar views in *Robinson* v. *Salt Lake City* and *Lukich* v. *Utah Const. Co.*, supra. As tested by these rules, the so-called "judgment on verdict" is not a final judgment. It adds nothing whatsoever to the verdict of the jury, nor does it settle the controversy between the plaintiff and defendant bank. Neither party is awarded any judgment against the other, and nothing is ordered, adjudged, or decreed.

The parties to this proceeding do not seem to be agreed upon the nature and purpose of this action. It is contended in plaintiff's brief that this action is to recover a judgment

for the plaintiff against the defendant National Copper Bank for money deposited with the bank by plaintiff. The complaint seems clearly to be drawn upon that theory. Counsel for plaintiff, however, offered evidence from which it appears that a written contract was entered into between plaintiff and his counsel whereby plaintiff's counsel were to receive one-half of all that was recovered from the defendant National Copper Bank on account of the money deposited with the bank by the plaintiff. Several of plaintiff's requests for instructions to the jury clearly indicate that counsel for the plaintiff then regarded this action as one for the collection of an attorney's fee. The trial court requested the jury to find what was the reasonable value of the services rendered by plaintiff's attorneys in this action. The jury found that such services were of no value. The notice of appeal to this court sets out that this appeal is taken by the plaintiff for the use and benefit of J. E. Darmer and S. P. Armstrong, his attorneys. It should be observed that the evidence shows that this action was begun before the action against the United States of America. Plaintiff's attorneys in this action did not represent plaintiff in his action against the United States of America, nor, so far as is made to appear, did they know that plaintiff had brought such other action until the petition of the United States of America for leave to intervene in this action was filed. The defendant bank contends that whatever may have been the purpose of this action at its inception it was tried upon the theory that it was an action to enforce an attorney's lien upon a client's cause of action as provided by Comp. Laws Utah 1917, § 346. The evidence offered at the trial seems to support defendant's contention in this respect but we are unable to find anything in the pleadings that indicates that this action is to impress an attorney's lien on the client's cause of action. It may be observed that plaintiff testified at the trial that he had made settlement with the United States of America as alleged in its answer in intervention. If this attempted appeal is on behalf of

the plaintiff in his own behalf he is in the position of having received full payment of the money deposited by him with the defendant bank and is here insisting that such money remains due and owing to him by the bank.

Clearly the plaintiff, having accepted from the United States of America the money owing to him by the defendant bank, cannot now insist that he be again paid by the bank even though perchance, as contended by plaintiff's counsel, the money was paid to the United States of America under a warrant of distraint not regular and fair on its face. Nor do we find anything in the evidence indicating that plaintiff is seeking a judgment against the defendant bank. If as appears, the plaintiff, the defendant bank, and the intervener, the United States of America, are all satisfied with the adjustment made between them, this should end this phase of this controversy. It is quite apparent that the attempted appeal is not for the purpose of reviewing any prejudicial error committed against plaintiff's rights, because it affirmatively appears that he has no claim against the defendant bank or the intervener, United States of America. If this proceeding is calculated to determine whether or not plaintiff's attorneys have a lien against plaintiff's alleged cause of action, such matter must be determined and a final judgment rendered by the trial court before this court can review the proceedings or any part thereof. This admittedly has not been done. As stated in appellant's abstract, "the record does not show even a stagger at giving judgment on the special verdict or any findings of fact or judgment by the court on the issues between plaintiff and intervener."

The attempted appeal is dismissed. Respondent bank is awarded its costs.

THURMAN, C. J., and CHERRY, STRAUP, and GIDEON, JJ., concur.