## In re PHILLIPS' ESTATE

No. 5457.   Decided February 7, 1935.   (44 P. [2d] 699.)

*Irwin Clawson,* of Salt Lake City, for appellants.

*A. B. Morgan,* of Provo, for respondent.

WOLFE, Justice.

The review is on an order sustaining a demurrer to a petition which sought to set aside all the proceedings of the probate division had in the above-named estate on the ground that the court was without jurisdiction to proceed in the matter because proper notice of the hearing of the petition for letters of administration had not been given; and on an order dismissing said petition.

The petition to vacate the probate proceedings was filed by Hallowell, Jones & Donald, an alleged partnership creditor of the estate. They alleged the deceased died in Provo on June 11, 1931; that Elizabeth A. Phillips, the widow, was purported to have been appointed administratrix; that on February 13, 1932, the petition for distribution was filed by the purported administratrix and heard upon waivers of notice on the same day; that an order of discharge of the administratrix was entered on March 4, 1932; and that waivers of notice of hearing of the petition for final distribution were purported to have been made by all interested in the estate, but the above claimant did not waive, and that it was an interested party.

The petitioner claims to be a creditor of the estate because certain clips of wool held by it on account of the deceased, and later on account of the estate, sold for $3,293.39 less than the amount advanced by the petitioner to the deceased

upon said clips. The petitioner alleges that it had no notice of any of the proceedings in probate until March 5, 1932, after the discharge of the purported administratrix; that the purported administratrix had obtained the settlement of her final account and distribution and discharge on waivers of notice in order to effect distribution before the petitioner should learn of the probate proceedings. Petitioner further alleges that notice of the hearing of the patition for letters of administration to the purported administratrix was by posting, and that all of the said posted notices were on the courthouse property, not one more than 80 yards from the other. Petitioner further alleges that there is $15,000 value in real estate and personal property which was not inventoried, and which, if inventoried and appraised, would have brought the estate to in excess of $10,000 value, allowing four months for creditors to present their claims instead of two months, and that only two months' period to present claims was stated in the notice. The petitioner asks that all of the proceedings be vacated, including the orders of February 13 and March 4, 1932, and the order declaring that legal notice to creditors has been published.

Petitioner is a partnership composed of six persons, all' residing in Boston, Mass., engaged in buying and selling wool for many years. Petitioner alleges that the petition for letters of administration referred to this partnership by name as the holder of the 1929, 1930, and 1931 wool clips belonging to the deceased, and made reference that the estate was indebted to the partnership in the sum of $1,100 for wool sold at that time, and that the inventory made reference to an indebtedness in its favor of $1,100; that the purported administratrix, therefore, herself recognized it as a creditor. Petitioner further alleges that the deceased had requested it to withhold the clips from sale until he ordered it to sell; that he died without releasing the clips for sale; that on or about August 6, 1931, the widow instructed petitioner to sell the same; that the same was pressed for sale, and that

reports were rendered monthly or oftener to the widow after said date concerning the wool market, and that letters were received by the petitioner from the widow; that the widow, the purported administratrix, at no time informed petitioner that she had commenced probate proceedings, or that notice to creditors had been published, or that they should present any claim before August 31, 1931, which was the final date named in the notice to creditors, and that the partnership had no notice or knowledge of the necessity of presenting any formal claim against the estate, or that there were any probate proceedings pending.

The petitioner further alleges by way of supplement that the purported notice to creditors published on November 4, 12, and 18, was not published under any newspaper heading, reading "Probate and Guardianship Notices. Consult County Clerk or the Respective Signers for Further Information," as specified by section 7857, Comp. Laws Utah 1917 (now Rev. St. 1933, 102-14-2), and that the newspaper in which said purported notice to creditors was published was issued daily except Saturday, but that the notices were published inconsecutively without a court order being entered which permitted the publication of notice to creditors other than consecutively in each successive issue of the newspaper.

The widow, formerly the purported administratrix, and all of her children, heirs of the decedent, all demurred to said petition on the grounds, first, that the court had no jurisdiction of the person of any of the said demurring parties or of the subject-matter of the petition of the creditor partnership; second, that the petition did not state facts sufficient to constitute a cause for the relief prayed for, or any relief whatsoever; and, third, that the remedy of the petitioner was barred by sections 6990 and 6991, Comp. Laws Utah 1917 (now Rev. St. 1933, 104-41-1, 104-41-2), which sections relate to the right and time of appeal; and, fourth, that the petition failed to state facts sufficient to show petitioner entitled to the relief prayed for.

The demurrer to the petition was sustained on October 7, 1932, and the petition dismissed, and upon this minute order a judgment of dismissal was entered on November 12, 1932.

The contention is that the whole probate proceeding was invalid because the court lacked jurisdiction; that the lack of jurisdiction arose because proper notice was not given of the hearing on the petition for the appointment of the administratrix; that proper notice was not given because section 7864, Comp. Laws Utah 1917 (the Code then in force at the time of the application for letters of administration, now Rev. St. 1933, 102-14-9) was not followed, in that the notice was not posted in at least three public places in the county; that actually the notices were only posted at one public place in the county, to wit, on the courthouse grounds; whereas section 7864, supra, requires that only one of said notices must be posted at the courthouse of the county.

Contention is further made: (a) That due and legal notice to creditors was not given, and that, therefore, the order of the court so finding must be set aside because the notice should have embraced a four months' period to present claims instead of a two months' period; (b) that the notice to creditors was not published under the statutory heading required to be in a newspaper column in which the notice was published; (c) that once a week was not sufficient, in view of the lack of a court order permitting other than publications in each successive issue of the newspaper; and (d) that even weekly publications, if permitted, must be made within each succeeding 7-day period, with not more than a clear 6 days intervening between publications.

The contention is made that the order of February 13th on purported waivers of notice of all persons interested was invalid because the petitioner partnership was a creditor and therefore an interested person within the meaning of section 7868, Comp. Laws Utah 1917, which gives the court the right to hear a petition at any time where "all persons interested in the estate join in any petition, or signify in writing their assent thereto" without notice, and that since

this creditor, being an interested party, did not signify in writing its assent or join in the petition, the hearing for the settlement of the final account and distribution of the estate could not be had without notice.

Before the above contentions are considered in light of the facts admitted by the demurrer, several preliminary questions must be disposed of. The respondents move to dismiss the appeal on the grounds that (a) it had not been timely taken, and (b) that notice of appeal had not been served upon all parties whose interest might be adversely affected by the appeal, and, consequently, that indispensable parties were not joined, for failure of which this court is without jurisdiction and should dismiss the appeal.

We take up first the ground that the appeal was not timely. Respondents argue that the final judgment was rendered in the probate proceeding on the 4th of March, 1932, when the order discharging the administratrix was entered; that on the 5th of March, 1932, the creditor partnership discovered that the court had entered its decree of distribution and discharge of the administratrix; that the appeal lay from that final order; and that the time within which an appeal had to be taken commenced to run on the 5th day of March, 1932.

The appeal in this case is from the order dismissing the petition entered November 12, 1932, and not from the order discharging the administratrix. Notice of appeal was filed May 5, 1933, which was within six months from November 12, 1932, when the judgment of dismissal of the petition was entered. The contention of the respondents that the appeal should have been from the order discharging the administratrix is untenable. The probate proceedings constituted an action in rem. Assuming the proper jurisdictional notices had been given, it was notice to all the world. Where one of the world, such as a creditor, claims to be interested, but never has had actual notice of the proceedings, and wants to attack the final judgment or any of the proceedings as being void, his only method of direct attack is

through petition. In an action in personam where he was summoned or appeared, he would have until five days after notice of the judgment or after verdict of the jury to file a motion for a new trial, and his time to appeal from a final order made in such proceeding would have been from the order denying the motion for a new trial. Where the action is in rem and he has not appeared, no notice of the judgment need be served upon him; in fact, where he claimed to be an undisclosed heir or creditor, notice could not be served upon him unless it is required that in actions in rem notice of any final decree or judgment must be served by publication or posting, and that such notice is notice to the world of the judgment, and that any one must then file a motion for a new trial five days after the completion of said publication or posted notice. The impracticability of this procedure is a self-evident answer to the proposition that persons who desire to attack the validity of a judgment in rem, but who have not appeared in the action, should move to set the judgment aside in the same manner as may persons who have appeared in an action in personam. It results therefore in the conclusion that there is ordinarily no such thing as a motion for a new trial in an action in rem on the part of him who has not appeared in such action. His only equivalent is to file a separate petition to set aside the judgment, or, if he considers the entire proceedings void, to set aside the entire proceedings. This would be the first time when an undisclosed heir or creditor, who claims to have had no actual notice, could bring himself into the proceedings so as to operate juridically upon the proceedings. As is seen above, he cannot ordinarily do it by a motion for a new trial in the proceeding itself to set it aside. The petition to set the alleged void proceedings aside is a separate action or separate proceeding, whether it be brought in equity or whether it be addressed to the probate division of the court. The fact that it is addressed to the probate division of the court and is filed in the very probate proceedings which it is claimed were closed by the final decree, does not change

the nature of the proceeding, especially in light of the fact that no motion was made to require a separate action to be brought or the petition itself to be stricken from the probate files. There was a motion in this case to strike certain allegations of the petition, but not the petition itself. It was treated as being properly before the court. It is therefore, unnecessary in this case to determine whether the correct procedure had been taken in filing in the probate matter itself, which by the decree discharging the administratrix was purported to have ended, a petition to have said proceedings set aside. It is sufficient to say that the petition to set aside the probate proceedings must be considered as a separate proceeding, and that judgment of dismissal rendered on that petition itself was a final judgment in that proceeding, and therefore appeal lay from such final judgment within six months after the entry of the same. This disposes of the contention that the appeal should have been from the order discharging the administratrix, and that no appeal lay from the judgment dismissing the petition to vacate.

Now as to the contention that all indispensable parties were not joined in the appeal. The alleged absence of an indispensable party is grounded on the alleged failure to give notice of appeal to a minor heir, one Joy Lucile Phillips, a child of the deceased. The notice of appeal contained the name of the minor, but not the name of the guardian as guardian of the minor. It appears that her guardian was her mother, Elizabeth A. Phillips, the purported administratrix, and that her guardian had made an appearance for her in the matter of the petition to vacate the probate proceedings, in that Elizabeth A. Phillips appeared for herself personally and as guardian of this minor child through their legal representatives, the firm of Morgan & Morgan. The minor was therefore represented by attorneys, and notice of appeal for all of the parties was served upon the attorneys. The attorneys appearing as counsel in the case for the minor still appear as counsel for the

purpose of notice of appeal. Their employment does not end upon the giving of a final judgment, but subsists at least for the purpose of serving the notice of appeal, unless they effect a proper withdrawal as counsel from the case. Notice containing all the names of the parties, minor or otherwise, served on the attorneys appearing for all the parties satisfies the requirement of proper notice of appeal. It therefore appears that the contention of the respondents that all indispensible parties were not joined in this appeal is not well taken. The motion of the respondents to dismiss the appeal is consequently denied.

We now come to the merits of the case. On the question of whether the proper notice was given to confer jurisdiction on the court: The law did not intend that a mere obeisance should be done to the obligation of providing the world with notice when jurisdiction itself depended upon such notice. The notice is highly substantive and not conventional; it is intended not only to give notice to parties interested, but to raise a notoriety which through the common concourse of mankind might reach persons interested. At a time it was doubted by thoughtful members of the bar whether posting would stand the test of due process. The best that posting can do toward giving notice is none too good. Certainly, concentrating the three postings in a limited area where they simply duplicated the effect of one is insufficient. It does not give the notoriety which in the end may reach interested parties. It does not meet the requirements of the statute. Not an answer is to say that in all probability persons in Boston would not have had communicated to them directly or indirectly notice of the pending probate proceedings, even though the notices were posted widely over the county. Such a "calculus of improbabilities" will not be indulged in. Nor is it an answer to contend that the wool was sold without an order of court, and therefore no claim could arise, or that the petitioners were themselves guilty of any conduct which would defeat their claim. Such argument is beside the point. The matter is a condition

to jurisdiction. The posting given in this case is insufficient, and the court thereby did not obtain jurisdiction. *National Loan & Inv. Co.* v. *Dorenblaser*, 30 Tex. Civ. App. 148, 69 S. W. 1019; *Phipps* v. *Fuqua* (Tex. Civ. App.) 32 S. W. (2d) 660; *Snidow* v. *Montana Home for the Aged*, 88 Mont. 337, 292 P. 722; *McDaniel* v. *Wetzel*, 264 Ill. 212, 106 N. E. 209, L. R. A. 1916E, 1140; *Tennessee Drainage Dist.* v. *Moye*, 258 Ill. 296, 101 N. E. 580; *Vanbussum* v. *Maloney*, 59 Ky. (2 Metc.) 550.

The mere negative finding that the posting in this case is not sufficient is of little guide to the persons whose duty it is to post notices. On the other hand, an affirmative rule of what is sufficient depends so much upon the situation in every county, and perhaps the situation in the ██ cases themselves, that hard and fast rules cannot be enunciated. The paramount controlling principle which should guide the poster of the notices is that the two notices which are to be posted other than at the courthouse should be placed in the county at places most likely to reach parties interested. When the two extra courthouse notices have, for a long period of time, been posted at customary points which are in fact different places and not in effect one place, and the experience of such practice leads to a fair conclusion that the postings have served to provide the notice intended, there will be a presumption that such places are places most likely to reach persons interested and that they are within the purview of the statute. There should be customary places at which all such notices should be posted, which places should be at conspicuously public points and not on the byways. An exception to posting one of such notices at such customary place could be made where the decedent lived in a small community, when one of the extra courthouse notices might be posted at a conspicuous public place in that community where it would be most likely to give notice to at least local persons interested in the estate.

If all the heirs are set out in the petition with correct addresses, notice should reach them through mailing, and as

to those interested in the estate whose names do not appear in the petition, the probability that notice by posting and even, for that matter, by publication, will reach them, is always speculative and remote. But this does not relieve the clerk of the probate court from the obligation of complying with the statute and complying with its spirit as well as with its letter. He is under the duty to do what he can to effectuate its object and its purpose. Concentrating three of the notices in the courthouse block did neither. The respondents show great anxiety for innumerable proceedings which have been founded in the past on similar methods of giving notices. A brief answer to this would be to say that a continued wrongful practice over a number of years does not make the practice right. But they may console themselves by the fact that most of these decrees are ordinarily valid on their face because the proceedings upon which they are founded will themselves most likely not disclose that posting was made in disaccordance with the statute. Nothing but a direct attack with a showing that posting as a matter of fact was not so made will disturb such decrees, and such direct attack would have to be made within the time ordained by the statute of limitations.

None of the other points raised regarding the question of due and legal notice to creditors need really be decided. It is assumed that if all the probate proceedings, except the petition for the appointment of the administratrix, are set aside, the petitioning creditor will have an ▇ opportunity to see that the inventory includes all of the property of the estate, and therefore that notice to creditors will contain reference to the period properly conformable to the amount of the estate. Appellants improperly maintain that it requires an order of the court to permit notice to creditors to be published less often than the paper in which it is published during the prescribed period over which notice must be published. Section 102-9-1, R. S. Utah 1933, provides specifically that notice to creditors shall be published once a week for four successive weeks. The sec-

tion referred to by the appellants, to wit, section 102-14-2, R. S. Utah 1933, does not apply to notice to creditors. At this time it is not necessary to determine whether such notice to creditors must appear under a newspaper heading as provided in that section. There is tenability to the proposition that probate and guardianship notices other than notices to creditors were intended by that section. The contention that notice to creditors must be published within successive 7-day periods must fall. "Successive weeks," as meant by section 102-9-1, means successive weeks commencing with a Sunday after the first week commencing with a Sunday in which the first publication appeared. As an example, in this case it is alleged that publications appeared on November 4th, 12th and 18th, and that 7 clear days elapsed between the 4th and the 12th in which no publication was made; the contention being made that it had to be made within each 7-day period. This is incorrect. The first publication appearing on November 4th marked the first week commencing with a Sunday in which the first publication appeared. Each successive week thereafter in which publication appeared began with a Sunday, and, as long as the succeeding publications appeared in a week which was begun by a succeeding Sunday, the notices complied with section 102-9-1, supra.

Appellants suggest that we have evidence before us that the notices were all posted within the courthouse grounds, and that we should therefore take the short cut of ordering the probate proceedings to be set aside instead of ordering the judgment dismissing the petition only to be set aside. Since this is an appeal from the order dismissing the petition and from a decision sustaining the demurrer, the case can be considered only on those facts in the petition admitted by the demurrer to be true. Why the record of the probate proceedings should have been introduced in evidence and included in the record on appeal is not clear, except in so far as it may have been necessary to bring before this court the petition to set aside the pro-

bate proceedings which was entitled with the same caption and therefore evidently filed as part of the former probate proceedings. Be that as it may, the proof of posting contained in the probate files reveals the postings to have been at the west entrance of the city and county building, on University avenue and on Center street. We cannot take judicial notice that these streets are in Provo or that they are actually within 80 yards of each other. We are confined to the facts set out in the petition to set aside for that information. Consequently, the short cut suggested by appellants cannot be taken. The respondents must have an opportunity of joining issue on the petition.

From what has above been said, it appears clear that the court below had jurisdiction of the demurrants and the subject-matter of the petition to vacate the probate proceedings. The orders sustaining the demurrer and dismissing the petition are vacated and set aside, and the cause remanded to the lower court for further proceedings on the petition to set aside the probate proceedings. Costs to appellants.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and MOFFAT, JJ., concur.