SHURTZ v. THORLEY et al.

No. 5660.   Decided November 10, 1936.   (61 P. [2d] 1262.)

382

*J. M. Foster*, of Cedar City, for appellant.

*Morris & Matheson*, of Cedar City, for respondents.

FOLLAND, Justice.

This is an action in damages for alleged breach of lease agreement. The lease was signed by William R. Thorley. Plaintiff sought to hold William R. Thorley and also Thomas A. Thorley as a principal, although Thomas A. Thorley did not sign the lease nor is he mentioned therein. The separate demurrer of Thomas A. Thorley was sustained and an order of dismissal as to him made and entered. The cause as to the other defendant remained undisposed of in the district court. From the order or judgment of dismissal plaintiff appeals. The case was argued and submitted on merits of the demurrer without any question as to whether the order of dismissal is a final judgment from which an appeal will lie. That question is one involving the jurisdiction of this court and is a matter the court will itself notice, though not called to its attention by either party. The court advised counsel for the respective parties it would notice and decide the jurisdictional question, and on its request briefs on that subject were filed.

The Constitution, art. 8, § 9, provides:

"From all final judgments of the district courts, there shall be a right of appeal to the Supreme Court."

This language has been held to except from the appellate jurisdiction of the Supreme Court appeals from the district court other than appeals from final judgments, and to deny the right of appeal from all orders or rulings of the district court except only from final judgments. *North Point Consolidated Irr. Co.* v. *Utah & Salt Lake Canal Co.*, 14 Utah 155, 46 P. 824, 826; *Eastman* v. *Gurrey*, 14 Utah 169, 46 P. 828; *State* v. *Olsen*, 39 Utah 177, 115 P. 968.

The question for decision is whether the order of dismissal of one of two defendants jointly charged is a final judgment

from which an appeal will lie. In only one case has the precise point been decided in this jurisdiction, and that was by the territorial court in *Lowell* v. *Parkinson,* 2 ■ Utah 370. In that case two defendants had been sued. One demurred separately. The demurrer was sustained and the cause dismissed as to her. The court, without discussion or attempting definition, held as follows:

"The order sustaining a demurrer is not an appealable order, and the order dismissing the cause as to Lizzie Hyndman was not, as to the plaintiffs, a final judgment. The cause is still pending against the other defendants. The plaintiffs, therefore, were not entitled to an appeal."

That decision was with reference to a statutory provision allowing appeals to the Supreme Court from "any final order, judgment or decree" of the district court. Comp. Laws Utah 1876, § 1050, p. 349. After the adoption of the Constitution, this court defined the phrase "final judgment" in the case of *North Point Consolidated Irr. Co.* v. *Utah & Salt Lake Canal Co.,* supra, as follows (holding an order granting temporary injunction not a final judgment):

"The word 'final' or 'final judgment' has a plain meaning. A judgment, to be final, must dispose of the case as to all the parties, and finally dispose of the subject-matter of the litigation on the merits of the case. *Champ* v. *Kendrick* [130 Ind. 545] 30 N. E. 635. Bouvier defines a final judgment as used in opposition to interlocutory as 'A parties litigant.' 'The general rule recognized by the courts of the United States and by the courts of most, if not all, of the states, is that final judgment is a judgment which ends the controversy between the no judgment or decree will be regarded as final, within the meaning of the statutes in reference to appeals, unless all the issues of law and of fact necessary to be determined were determined, and the case completely disposed of, so far as the court had power to dispose of it.' Freem. Judgm. § 34." (Italics supplied.)

Notwithstanding what was there said about the words "final judgment" having a plain meaning, this court has had some difficulty in fitting the definition given to the varying circumstances shown in the many cases coming before it. The following orders of the district courts have been held not to be final or appealable judgments: Granting injunc-

tion pendente lite, *North Point Consolidated Irr. Co.* v. *Utah & Salt Lake Canal Co.*, supra; granting motion for a new trial, *Eastman* v. *Gurrey*, supra; overruling motion for a new trial, *White* v. *Pease*, 15 Utah 170, 49 P. 416; *Nelson* v. *Southern Pac. Co.*, 15 Utah 325, 49 P. 644; appointing receiver pendente lite, *Popp* v. *Daisy Gold-Min. Co.*, 22 Utah 457, 63 P. 185; *United States* v. *Church of Jesus Christ of Latter-Day Saints*, 5 Utah 394, 16 P. 723; *Oldroyd* v. *McCrea*, 65 Utah 142, 235 P. 580, 588, 40 A. L. R. 230; for temporary alimony and suit money, In re *Kelsey*, 12 Utah 393, 43 P. 106; for an accounting, *Standard Steam Laundry* v. *Dole*, 20 Utah 469, 58 P. 1109; quashing service of summons, *Honerine Min. & Mill. Co.* v. *Tallerday Steel Pipe & Tank Co.*, 30 Utah 449, 85 P. 626; granting nonsuit where not followed by judgment of dismissal, *Rocky Mountain Stud Farm Co.* v. *Lunt*, 46 Utah 299, 151 P. 521; verdict of jury without proper judgment, *Kourbetis* v. *National Copper Bank of Salt Lake City*, 71 Utah 232, 264 P. 724; awarding possession of exhibit after judgment, *Omega Inv. Co.* v. *Woolley*, 75 Utah 274, 284 P. 523.

The following orders or judgments have been held final judgments for purposes of appeal: Discharging petitioner of habeas corpus, *Winnovich* v. *Emery*, 33 Utah 345, 93 P. 988; quashing garnishment and releasing garnishee, *Bristol* v. *Brent*, 35 Utah 213, 99 P. 1000; dismissing action after sustaining motion for nonsuit, *Robinson* v. *Salt Lake City*, 37 Utah 520, 109 P. 817; "Interlocutory decree" in divorce cases, *Parsons* v. *Parsons*, 40 Utah 602, 122 P. 907; ordering delivery of property and accounting for interest, *Wheelwright* v. *Roman*, 50 Utah 10, 165 P. 513; for condemnation of part only of property without assessment of damages, *Ketchum Coal Co.* v. *Pleasant Valley Coal Co.*, 50 Utah 395, 168 P. 86, 89; decree of partnership, *Benson* v. *Rozzelle*, 85 Utah 582, 39 P. (2d) 1113; dismissal of petition to set aside probate proceedings after discharge of administrator, In re *Phillips' Estate*, 86 Utah 358, 44 P. (2d) 699; decree of water rights as between certain parties in general water adjudica-

tion, *Plain City Irr. Co.* v. *Hooper Irr. Co.*, 87 Utah 545, 51 P. (2d) 1069, 1076.

The definition of "final judgment" heretofore quoted from *North Point Consolidated Irr. Co.* v. *Utah & Salt Lake Canal Co.*, supra, has been reaffirmed many times. *Eastman* v. *Gurrey*, supra; *Watson* v. *Mayberry*, 15 Utah 265, 49 P. 479; *Standard Steam Laundry* v. *Dole*, supra; *Popp* v. *Daisy Gold-Min. Co.*, supra; *Oldroyd* v. *McCrea*, supra. In *Popp* v. *Daisy Gold-Min. Co.*, supra, the court said:

> "Similar questions have been passed upon by this court both prior to and since the adoption of our constitution, and the rule has been established that a final judgment is that adjudication that disposes of the case as to *all the parties*, and which finally disposes of the subject-matter of the litigation on the merits of the case." (Italics supplied.)

In *Oldroyd* v. *McCrea*, supra, the cause being before the court on application for writ of prohibition, the court held an order authorizing a receiver to issue and sell receiver's certificates displacing prior existing liens not a final and appealable judgment as to the state which had an existing mortgage lien on property, and said:

> "Under our Constitution and statute an appeal lies only from a final judgment. This court in numerous cases has held that a judgment to be final for purposes of an appeal must dispose of the case as to *all of the parties* and finally dispose of the subject-matter of the litigation on the merits, or be a termination of the particular proceeding or action, or as sometimes expressed, the case put out of court." (Italics supplied.)

The rather definite definition stated in the foregoing cases has been somewhat amplified or qualified in other cases. In *Honerine Min. & Mill. Co.* v. *Tallerday Steel Pipe & Tank Co.*, supra, the court said:

> "It is true that to constitute a final judgment it is not essential that there be a final determination of the rights of the parties with reference to the subject-matter of the litigation, but merely with reference to the particular suit. It is the termination of the particular action which marks the finality of the judgment. A decision which terminates the suit, or puts the case out of court without an adjudication on the merits, is, nevertheless, a final judgment."

This was reiterated in *Winnovich* v. *Emery,* supra.

The class of decrees or orders to be recognized as final judgments was enlarged somewhat in the case of *Ketchum Coal Co.* v. *Pleasant Valley Coal Co.,* supra, wherein it was held that a decree of condemnation without assessment of damages, where only a part of the property sought to be condemned was permitted to be condemned, was final for purpose of appeal. After citing authorities, the court said:

"It is not necessary to pursue the authorities further. We have no desire to depart from the wholesome and salutary rule constantly adhered to by this court that appeals will be permitted only from final judgments; yet neither do we desire to lay down a rule in that respect which would result in sacrificing substance for mere shadow. This case is an illustration that circumstances and conditions may arise where both common sense and justice unite in requiring that an appeal be allowed before every question that may be involved in a particular case is finally determined. In the case at bar it must be apparent to all that if this appeal should be dismissed the plaintiff would be required to assess damages for property it may not desire at all if, ultimately, the questions on appeal are determined against it. Moreover, the questions that are included in the court's judgment, so far as the right to condemn is concerned, are conclusive unless reversed."

In *Benson* v. *Rozzelle,* supra, the court recognized a decree affirming the existence of a partnership as final where matter of accounting was reserved. In the opinion some language was used which would give color to the claim that dismissal of one defendant where a number are sued is a final judgment, but it will be noted the matter is referred to merely by way of illustration and is not at all necessary for the decision. In *Plain City Irr. Co.* v. *Hooper Irr. Co.,* supra, a decree adjudicating water rights as between certain parties in a general water adjudication was held final for purposes of appeal. The court explained its reason for so holding as follows:

"We are of the opinion that upon such a judgment or decree as between objectors or contestants that for the purpose of an examination of the particular issues, no other rights or issues being affected or involved, that such judgment is a final judgment between the particular parties thereto for the purpose of an appeal upon such issues."

It will be noted that in none of these cases did the court have the exact question before it that we have here except in the early case of *Lowell* v. *Parkinson*, supra. That case has never been over-ruled and is not out of harmony with the later decisions, particularly those wherein the words "final judgments" are defined. The constitutional provision for appeals from final judgments was undoubtedly framed in the light of the doctrine announced in that early case. The weight of authority in this country supports the same doctrine. The rule is well expressed in the following quotation from 2 Am. Jur., Appeal and Error, § 27, p. 866:

"As a general rule, a judgment or decree is not final which settles the cause as to a part only of the defendants. Thus, an order or decree which dismisses a suit as to a part only of the defendants named, all of whom are charged to be jointly liable, is not a final decree from which an appeal or writ of error will lie, while the case ■ remains undisposed of in the lower court as to the other defendants. Some courts, while adhering to the general rule, have also created an exception to it and have held that where to deny an appeal or writ of error would amount to a denial of justice or where great hardship would result from refusing to entertain such appeal or writ of error, such appeal or writ of error would be allowed even though the judgment or decree of the lower court did not dispose of the cause as to all of the parties and was not final.

"On the other hand, if a decree dismissing one or more of a larger number of defendants whose interests are not all connected with the others finally settles the cause as respects those defendants dismissed, such decree is final and appealable." 3 C. J. 462; 1 Freeman on Judgments (5th Ed.) § 36.

The cases supporting the rule and the exceptions thereto are fully set forth in the notes to the above-cited texts and the annotations to *Boxwell* v. *Greeley Union Nat. Bank* in 80 A. L. R. 1186. It is therefore unnecessary for us to cite the cases from other jurisdictions. The first exception indicated in the quotation from American Jurisprudence cannot be applicable in states like this where appeals are regulated by constitutional provision and are from final judgments only. The instant case does not fall in the class of the second exception because the defendants were alleged to be jointly liable and

the interests of one are not severable from that of the other. Under these circumstances, the case falls within the general rule that a judgment is not final which settles the cause as to a part only of defendants jointly charged. The whole matter as to both defendants should be disposed of in the district court by final judgment before an appeal can be had to this court. It would follow that, if the order of dismissal entered by the trial court is not a final judgment, the matter remains within control of that court until it is finally disposed of. Disposition of the cause as to both defendants should be covered in a final judgment whereupon any party so desiring may appeal from part or all of such judgment.

The appeal must be dismissed but without prejudice to a review of the ruling on the demurrer of Thomas A. Thorley on an appeal, if one be taken, from final judgment. Appeal dismissed, with costs to respondent.

ELIAS HANSEN, C.J., and EPHRAIM HANSON and MOFFAT, JJ., concur.

WOLFE, Justice (concurring).

In this case, if the remaining defendant William R. Thorley obtains a judgment favorable to him on the question as to whether there has been any breach of the contract, the judgment dismissing the cause as to Thomas A. Thorley would not be prejudicial. Consequently, as long as the present status of the plaintiff can be affected by what may happen in the cause between him and William R. Thorley, the judgment of dismissal in favor of Thomas A. Thorley cannot be *final as to the plaintiff*. This is not the case where a dismissal of the cause as to one party cannot in any manner be affected by the result of the case as to the remaining parties as mentioned in the second exception contained in the excerpt from American Jurisprudence cited in the opinion of the court.

An examination of the case of *North Point Consolidated Irrigation Co.* v. *Utah & Salt Lake Canal Co.*, 14 Utah 155, 46 P. 824, leads me to believe that the reasoning therein may

be seriously questioned. I do not, by my concurrence in this case, want to be foreclosed from a re-examination of the question as to whether the Legislature or this court by rule may not give a right of appeal from certain interlocutory orders. My present inclination is to think that section 9, article 8, of the State Constitution, intended to save a litigant at all events a right of appeal from final judgments, and was a prohibition against the Legislature denying such right. I think it may be that the word "only" should not have been injected into this constitutional provision by this court.

As to the case of *Benson* v. *Rozzelle*, 85 Utah 582, 39 P. (2d) 1113, I have already stated in the case of *Atwood* v. *Cox, Judge,* 88 Utah 437, 55 P. (2d) 377, that I think it was wrongly decided. I also think the case of *Oldroyd* v. *McCrea,* 65 Utah 142, 235 P. 580, 40 A. L. R. 230, mentioned in the court's opinion, presents an excellent illustration of why the door should be left open for the Legislature to provide for appeals from certain interlocutory orders. In the case of *Atwood* v. *Cox,* supra, I stated that the action of the trial judge in the McCrea Case in regard to which a writ of prohibition was sued out was really not one beyond his jurisdiction but error only; yet the result of leaving the correction of such error to appeal would be locking the stable door after the horse was stolen. Owing to the necessity of arresting the trial court presently in order that grievous, irremedial injury would not result, this court held prohibition was proper, which required that it construe what was really error as being jurisdictional.

Subject to these comments, I concur.