## SOUTH CAROLINA *v.* WESLEY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF SOUTH CAROLINA.

No. 796. Submitted December 10, 1894. — Decided January 7, 1895.

W. brought an action in the Circuit Court for the District of South Carolina to recover possession of a lot of land. The defendants set up that they held for that State and had no individual rights in the premises. The Attorney General of the State, the day before the cause came on for trial, filed a suggestion that the property in controversy was used by the State for public uses, and, without submitting the rights of the State to the jurisdiction of the court, moved the dismissal of the proceedings for want of jurisdiction. The record did not show that the averments in the suggestion were either proved or admitted. The trial resulted in a verdict and judgment for the plaintiff. After the verdict and before the entry of judgment the court overruled the motion of the Attorney General. The record showed no bill of exceptions to this ruling, but it appeared by agreement of counsel that the motion was overruled and exception taken. The State sued out this writ of error. *Held,*

(1) That the course pursued below as to the suggestion by the Attorney General could not be recognized as regular and sufficient;

(2) That as the record did not show that the averments of the suggestion were either proved or admitted, the Circuit Court could not properly arrest the proceedings;

(3) That as the State was not a party to the record, and refused to submit to the jurisdiction of the court, its writ of error should be dismissed.

Reference cannot properly be made to a transcript of record in a case pending in another court, to supply defects in the record of a case in this court.

MOTION to dismiss. The case is stated in the opinion.

*Mr. Robert W. Shand* for the motion.

*Mr. Samuel W. Melton* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was an action brought in the Circuit Court of the United States for the District of South Carolina by Edward B. Wesley, a citizen of the State of New York, against J. E. Tindal and J. R. Boyles, citizens of the State of South Carolina, to recover the possession of a certain lot of land situated in the city of Columbia and State of South Carolina. The answer of defendant Tindal comprised a general denial of the allegations of the complaint, and, as a second defence, the averment that the property was in the custody of the defendant as the Secretary of State of the State of South Carolina and that he as an individual had no right, title, interest, or estate to or in the premises of any kind whatsoever. The answer of defendant Boyles, in addition to the general denial, set up that he was engaged in the employment of the Secretary of State in watching, guarding, and taking care of the premises on behalf of the State.

The action was brought to trial April 4, 1894, and resulted in a verdict for plaintiff April 7, 1894, upon which judgment for the recovery of possession, and costs, was entered May 7, 1894. On April 3, 1894, the following suggestion was filed: "And now comes O. W. Buchanan, Attorney General of the State of South Carolina, and suggests to the court and gives it to understand and be informed that the property in controversy in this action is held, occupied, and possessed through its officer and agent charged in behalf of the State of South Carolina with the custody and control of the property by virtue of the statute in such case made and provided and who is custodian of the same for and in the name of the State of South Carolina, which said property is now used by the State of South Carolina for public uses. Wherefore, without submitting the right of the State to the jurisdiction of

the court, but respectfully insisting that the court has no jurisdiction of the subject in controversy, he moves that the complaint in said action be set aside and all the proceedings be stayed and dismissed and for such other orders as may be proper in the premises."

April 16, 1894, an order was filed by the Circuit Judge overruling the motion of the Attorney General "to dismiss the proceedings for want of jurisdiction," and giving his reasons in that behalf. On the application of the Attorney General of the State of South Carolina, a writ of error to review the order of April 16, 1894, was allowed June 18.

It is difficult to deal with such a record as this. The order of April 16 was entered nine days after the return of the verdict, and apparently no exception was preserved to its entry. What passed upon the trial does not appear, as no bill of exceptions was taken, and it is only by resort to an agreement of counsel, dated July 12, 1894, that it can be ascertained that the Circuit Judge declined upon the trial to accede to the suggestion and that exception was taken. By the same stipulation the charge to the jury is inserted in the record, and we are referred to that for information as to the controversy. We cannot recognize the course pursued in this regard as regular and sufficient.

In addition, the record does not show that the averments of the suggestion were either proved or admitted, and it certainly cannot be contended that the Circuit Court ought to have arrested proceedings on a mere suggestion. *United States* v. *Peters*, 5 Cranch, 115; *The Exchange*, 7 Cranch, 116; *Osborn* v. *Bank of the United States*, 9 Wheat. 738; *United States* v. *Lee*, 106 U. S. 196; *Stanley* v. *Schwalby*, 147 U. S. 508.

Our attention is called to the transcript of the record in the case of *Tindal* v. *Wesley*, pending on error in the Circuit Court of Appeals for the Fourth Circuit, attached to the brief of counsel for the State, but reference cannot properly be had to a transcript of the record in a case pending in another court to supply defects in the record of a case in this court. If we could take notice of it, however, the pendency of that writ of error would afford an additional reason, if this

were a matter within our discretion, why we ought not to retain the case and affirm the order on the ground of want of error when the record is insufficient to present the question sought to be raised. And, although not discretionary, we are relieved from the necessity of reaching that result.

The error assigned is as follows: "For that his honor erred in not dismissing the case upon the suggestion of the Attorney General of South Carolina that this is really an action against said State, brought without her consent, the defendants denying having possession of the property in suit and claiming to have custody of said property for the said State, said State not being a party to the record, though a party in fact, the alleged cause of action being contractual in its nature, in that whatever rights the plaintiff has are derived from his contract with the State and the property involved in this litigation being claimed by the State." The State does not complain that it was refused leave to intervene, but that the Circuit Court without the intervention of the State refused merely upon suggestion to dismiss the complaint against the defendants who were sued as individuals. The State was not a party to the record in the Circuit Court and did not become a party by intervention, *pro interesse suo* or otherwise, but expressly refused to submit its rights to the jurisdiction of the court. This being so, the motion to dismiss may well be sustained on that ground. *United States* v. *Lee,* 106 U. S. 196, 197; *Georgia* v. *Jesup,* 106 U. S. 458.

*Writ of error dismissed.*