VANCE v. WESLEY.

(Circuit Court of Appeals, Fourth Circuit. February 1, 1898.)

No. 233.

1. JUDGMENTS—PARTIES—RES JUDICATA.

A judgment in ejectment against a state official, in possession of land as state property, bars another official from coming in by a petition setting up the same defense as contained in the answer of the first official, and having the judgment opened.

2. LIS PENDENS.

Under Code Civ. Proc. S. C. § 153, protecting a subsequent purchaser or incumbrancer where no notice of lis pendens has been filed, one who is neither a purchaser nor an incumbrancer is not protected.

In Error to the Circuit Court of the United States for the District of South Carolina.

This was a proceeding upon the petition of S. W. Vance asking for a stay of a writ of possession to Edward B. Wesley, and to be made a party defendant to a suit by said Wesley against J. E. Tindal and J. R. Boyles, which had already been decided in the circuit court, affirmed on error to the circuit court of appeals (13 C. C. A. 160, 65 Fed. 731), and again affirmed on a writ of certiorari to the supreme court (17 Sup. Ct. 770, 167 U. S. 204).    The court entered an order dismissing the petition, and petitioner brings error.

Samuel W. Melton and W. A. Barber, for plaintiff in error.
William H. Lyles, for defendant in error.

Before GOFF, Circuit Judge, and BRAWLEY and PURNELL, District Judges.

GOFF, Circuit Judge.    Edward B. Wesley, a citizen of the state of New York, on the 13th day of February, 1893, instituted his action in the circuit court of the United States for the district of South Carolina against J. E. Tindal and J. R. Boyles, citizens of the state of South Carolina, to recover the possession of a lot of land, with the buildings thereon, situate in the city of Columbia, called "Agricultural Hall."    The defendants duly appeared and answered, each setting up two defenses, the first being a general denial of the allegations of the complaint, and the second a claim that the property in question was the property of the state of South Carolina, and in the actual public use of that state.    The case came on for trial at the April term of said court, 1894, when the jury returned a verdict for the plaintiff, on which the court entered a judgment in his favor, against the defendants, for the possession of the property.    During the trial the state of South Carolina, acting through her attorney general, filed a suggestion that the property in controversy belonged to that state; that it was in actual public use; that the suit was, in effect, a suit against said state; and thereupon moved the court to dismiss the plaintiff's suit.    The court overruled the motion, and the state of South Carolina obtained a writ of error from the supreme court of the United States. That court affirmed the judgment of the circuit court of the United States for the district of South Carolina.    South Carolina v. Wesley, 155 U. S. 542, 15 Sup. Ct. 230.    The defendants, Tindal and Boyles, sued out a writ of error from this court to the judgment so entered against them, and this court, when the same came on to be heard, affirmed the judgment of the court below.    Tindal v. Wesley, 25 U. S. App. 124, 13 C. C. A. 160, 65 Fed. 731.    Said defendants then secured from the supreme court of the United States a writ of certiorari to this court, and, when the same was heard, the supreme court affirmed the judgment of this court.    Tindal v. Wesley, 167 U. S. 204, 17 Sup. Ct. 770.    The mandate of the supreme court having been filed in the circuit court for the district of South Carolina, the said Edward B. Wesley caused to be issued a writ for the delivery of the possession of the property to him, based on the judgments rendered in his favor. At this time, June 14, 1897, S. W. Vance tendered to the court below his petition asking for a stay of the writ of possession, and for an order permitting him to be made a party defendant to said suit, with leave

to defend the same. The court below ordered that Wesley appear and show cause why the relief prayed for in the petition should not be granted. The petition, in substance, set forth the following: That the petitioner is the state commissioner, duly elected and qualified under the provisions of what is known as the "Dispensary Law" of the state of South Carolina, and has been engaged in the discharge of the duties of that office since the 15th day of April, 1897; that as such commissioner he is in the possession of the real estate known as "Agricultural Hall," in controversy in this suit; that he was not made a party to the action of Wesley against Tindal and Boyles, and that he did not acquire his possession under them, or either of them, either directly or with their consent, or in collusion with them, but that he entered into possession of said premises on the 15th day of April, 1897, as successor in said office to J. T. Gaston, under the laws of said state; that said Tindal, at the time of the commencement of this action, was secretary of state of South Carolina, and as such officer had control and custody of said property, under the provisions of the law of that state; that Boyles was a watchman appointed to take care of the property; that the term of office of Tindal as secretary of state expired on January 1, 1895; that at the time this suit was instituted notice of lis pendens was not filed, nor has it been filed since; that petitioner is not in any way privy to the defendants in this action; that the alleged sale of the property was made under a power conferred by an act of the general assembly of South Carolina entitled "An act to provide for the sale of the lot and building known as 'Agricultural Hall,'" etc., "and to appropriate the proceeds thereof," approved December 24, 1890; that the power, authority. and duties conferred by said act were delegated to the commissioners of the sinking fund, in the personal trust and confidence that they would be executed and performed only by them, in their own proper persons; that said commissioners omitted and failed to perform their duties, and to execute the authority conferred by said act, and that, therefore, the pretended sale of Agricultural Hall was null and void, and did not pass the title to said property from the state of South Carolina, under which petitioner holds possession as a tenant; that said commissioners did not appoint a day for or prescribe the terms of the sale. The petition then set out in detail the action of the commissioners of the sinking fund relative to said sale, which we do not think it necessary to state here in full. It then proceeds to allege that petitioner is in the possession of and has the exclusive care and custody of said premises as a tenant, using and occupying the same in the management and conduct of the business of the state dispensary. A certified copy of the deed conveying the property is filed with the petition, and the claim is made that the same is ineffectual to convey the title from the state of South Carolina. The prayer of the petition is that: First, the judgment of the court, if the execution as issued will authorize any officer of the court to dispossess the petitioner of said property; and, if the court should hold that it is sufficient for that purpose, then, second, that the operation of the same be stayed until the right of possession, as claimed and enjoyed by the petitioner, be determined according to the forms of procedure in said

court; third, that the judgment herein be opened, and your petitioner be let in as a party defendant, with liberty to set up by answer his defense to the action, as he may be advised is proper, and that the same be tried in due course of law; fourth, and for such other and further relief as may be just and proper. The plaintiff, Wesley, in answer to the petition, said, in substance: First. That the petition did not state any fact which would justify the court in granting the relief prayed for. Second. He admitted the allegations of the first paragraph of the petition; also, that petitioner was in possession of Agricultural Hall, as set forth in the second paragraph of the petition, but he denied that he was there as state commissioner, and alleged that petitioner's possession was wrongful, having been derived by succession from Tindal and Boyles. He admitted that Tindal, at the commencement of the suit, had the possession of said property, and he also admitted that no notice of lis pendens was ever filed. He denied the allegations of the fifth paragraph of the petition, and averred that petitioner's possession was derived from Tindal and Boyles, and also that petitioner was a privy in estate as to such possession with the defendants. He admitted the allegations set up in the sixth paragraph, and denied the legal conclusions embodied in the seventh and eighth, as well as the facts alleged therein. He also denied that the petitioner was in possession of said property as state commissioner, as alleged in the ninth paragraph of the petition, and controverted the legal conclusion set forth in the tenth. On these pleadings, and the exhibits filed therewith, the case came on to be heard, when the court below entered an order dismissing said petition. To this action of the court the writ of error we are now considering was sued out.

The plaintiff's suit in the court below was the action of ejectment, and he stood upon the strength of his title, which he was compelled to sustain against all the world. The trial resulted in a verdict and judgment in his favor. From that judgment a writ of error was granted to this court, and the judgment was affirmed. The case then went to the supreme court of the United States by writ of certiorari, and the judgment of this court was affirmed. When the mandate of the supreme court reached the court below, the plaintiff, when endeavoring to enforce the judgment in his favor, finds the petitioner confronting him with the petition just described. The defense set up in this petition is, in substance, that which was pleaded by the defendants below when the case was tried to the jury, and it was then held to be without merit. The defendant Tindal, a state official, made the defense now relied upon; and the petitioner, Vance, another state official, claiming to be the tenant of the state, should not be permitted to plead it again. The judgment of the court below, in favor of the plaintiff, effectually bars this petitioner, and any one else who claims the right of possession of Agricultural Hall, because he is an officer of the state of South Carolina or a tenant of that state. The claim of the petitioner is absolutely without merit, for the property, the possession of which he claims, was by direction of the general assembly of South Carolina sold, and the proceeds of the sale appropriated by law to a special purpose. The petitioner, by his own showing, was not the

lawful tenant of the state, and there is no authority under the laws of South Carolina for any one to lease it to him, or for him to take possession of it.

The allegations of the petition relating to the notice of lis pendens have even less merit, if that be possible, than those relating to tenancy. Under section 153 of the Code of Civil Procedure of South Carolina it is only the subsequent purchaser or incumbrancer who is protected by the failure to file the notice of lis pendens. The petitioner is neither, nor is the party for whom he pleads, under whose authority he claims his tenancy exists. So far as we can see from the record, and from the statutes of South Carolina, he is a mere interloper, who has taken possession of the property mentioned since the judgment of the court below in favor of the plaintiff was entered. As a litigant, he is a volunteer, and as such he comes in under circumstances which do not commend him to the favorable consideration of this court. If the defense set up by the petitioner is to prevail,— if the judgment is to be opened and another trial had,—for the reasons alleged in this petition, then a way has been discovered to effectually destroy all judgments rendered for the possession of property entered on verdicts returned in the action of ejectment. If the landlord, by changing the tenant, or by permitting a stranger to the record to take charge, after judgment is rendered and before the writ of possession issues, can thereby defeat recovery by the plaintiff, then the action of ejectment would not only become worthless, but the prosecution of it would be a judicial farce. The litigation brought about by the filing of this petition was an effort to deprive the plaintiff of the benefit of the judgment in his favor, and it was properly dismissed by the court below. This controversy has been fully heard, discussed, and reported, as hereinbefore referred to, and further consideration of the same is deemed unnecessary. The judgment of the court below is affirmed.