## In re JONES' ESTATE.

No. 3427.   Decided June 9, 1920.   (190 Pac. 783.).

1. APPEAL AND ERROR—NO APPEAL FROM ORDER APPOINTING SPECIAL ADMINISTRATOR, NOT BEING "FINAL JUDGMENT." No appeal will lie from an order appointing a special administrator of the estate of a decedent; such an order not being a "final judgment," under Const., article 8, section 9, and Comp. Laws 1917, sections 6990, 7606.

2.   APPEAL AND ERROR—RIGHT OF APPEAL STATUTORY.   The right of
     appeal does not exist unless given by constitutional or statutory
     authority, expressed or necessarily implied.[1]

Appeal from District Court, First District, Box Elder
County; *J. D. Call,* Judge.

In the matter of the estate of William H. Jones, deceased.
From an order appointing John M. Jones as special adminis-
trator, Alice H. Rosenbaum appeals.

APPEAL DISMISSED.

*B. H. Jones,* of Brigham City, for appellant.

*Le Roy B. Young,* of Brigham City, for respondent.

CORFMAN, C. J.

William H. Jones, a resident of Box Elder county, Utah,
died at Salt Lake City, May 6, 1918, possessed of certain
real and personal property situated in said Box Elder county.
He left surviving him certain brothers and sisters, all of
lawful age.   June 3, 1918, B. H. Jones, one of the brothers
of said William H. Jones, deceased, filed in the district court
of Box Elder county a certain document purporting to be
the last will and testament of said William H. Jones, de-
ceased.   At the same time a petition was filed, asking that
the will be admitted to probate in said court.   Before hear-
ing on the petition of said B. H. Jones for the admission of
said will to probate, to wit, May 27, 1919, certain heirs of
decedent and parties interested in the said estate filed in said
court their petition for the appointment of a special admin-
istrator of said estate.   Said petition was granted, and an
order made and entered by said court on June 2, 1919, ap-
pointing one John M. Jones, a brother of deceased, as special

---

[1] *Golding* v. *Jennings,* 1 Utah, 135; *Benson* v. *Anderson,* 9 Utah,
154, 33 Pac. 691.

administrator of said estate, with the usual statutory powers of preserving the same. Said special administrator duly qualified. Other proceedings were had before said court concerning the matters of said estate, not material nor necessary to relate here.

An appeal was taken to this court from the said order appointing a special administrator by filing the usual notice thereof in said district court November 28, 1919, by Alice H. Rosenbaum, one of the sisters of said deceased and one of the legatees named in the alleged will.

The special administrator appears as respondent, and objects to the right of appellant to be heard on the merits, setting forth, not only many alleged irregularities and failures to comply with our statutes governing appellate procedure, but particularly challenging the appellant's right to be heard on the ground that the order of the district court appointing a special administrator of the estate of said decedent was not a final judgment nor an appealable order.

We think the position taken by respondent is well founded. Section 9 of article 8 of our state Constitution, with reference to appeals from the district courts, provides among other things:

"Appeals shall also lie from the final orders and decrees of the court in the administration of decedent estates, and in cases of guardianship, as shall be provided by law."

Comp. Laws Utah 1917, section 6990, provides:

"From all final judgments of the district courts, there shall be a right of appeal to the Supreme Court. * * *Appeals shall also lie from the final orders and decrees of the court in the administration of decedent estates, and in cases of guardianship." ·

Comp. Laws Utah 1917, section 7606, provides:

"When there is delay in granting letters testamentary or of administration from any cause * * * the court must appoint a special administrator to collect and take charge of the estate of the decedent in whatever county or counties the same may be found, and to exercise such other powers as may be necessary for the preservation of the estate."

No express provision is made in our Code of Civil Procedure giving a right of appeal from an order appointing a

special administrator, nor do we think any such right was intended or may be reasonably implied from the reading of the foregoing constitutional or statutory provi-     1, 2 sions. The right of appeal does not exist unless given by constitutional or statutory authority, expressed or necessarily implied. Woerner, Am. Law of Adm. (2d Ed.) section 543, p. 1192; *Golding* v. *Jennings,* 1 Utah, 135; *Benson* v. *Anderson,* 9 Utah, 154, 33 Pac. 691; *In re Carpenter,* 73 Cal. 203, 14 Pac. 677. The order here appealed from was not a final order or decree. The order was not determinative of any of the rights of the parties before the district court. The very purpose of section 7606, supra, was to provide the means whereby the property belonging to the estates of decedents might be preserved while proceedings are pending for the appointment of an administrative officer by the court having jurisdiction of the estate. To hold otherwise than that no appeal lies from such an appointive order would nullify and render ineffective the manifest intent and purpose of the Legislature by its enactment.

It is therefore ordered that the appeal be dismissed.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.