## STATE v. KELSEY.

No. 4139.   Decided December 8, 1924.   (231 Pac. 122.)

1. APPEAL AND ERROR—RIGHT OF APPEAL IS PURELY STATUTORY. Right of appeal is purely statutory and exists only by express law.[1]

2. HABEAS CORPUS—PROCEEDINGS ARE CIVIL. Habeas corpus proceedings are civil, applicant being plaintiff, and party who restrains him defendant.[2]

3. HABEAS CORPUS—STATE'S APPEAL FROM ORDER DISCHARGING DEFENDANT FROM CUSTODY DISMISSED, WHERE STATE NOT A PARTY THERETO. Appeal by state from order discharging defendant from custody of sheriff on habeas corpus would be dismissed, in view of Comp. Laws 1917, § 6993, where notice of appeal did not indicate that state as such appeared in or was made a party to the proceeding.

Appeal from District Court, Fifth District, Millard County; *Thos. H. Burton,* Judge.

Habeas corpus by Frank P. Kelsey to secure his release from the sheriff of Washington county. From orders granting and sustaining the writ and discharging applicant and from the writ, the State appeals.

APPEAL DISMISSED.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

*King & Schulder,* of Salt Lake City, for respondent.

CHERRY, J.

---

[1] *State* v. *Olsen,* 39 Utah, 177, 115 P. 968; *In re Jones' Estate,* 56 Utah, 291, 190 P. 783.

[2] *Winnovich* v. *Emery,* 33 Utah, 345, 93 P. 988.

See (1) 3 C. J. p. 316 (2) 29 C. J. p. 8 (3) 29 C. J. p. 186.

On February 18, 1924, Frank P. Kelsey presented to the district court of Millard county his petition for a writ of habeas corpus, in which he alleged that he was illegally restrained of his liberty by Wilford Goff, sheriff of Washington county. A writ directed to the sheriff was issued and served. At the appointed time the sheriff appropriately responded to the writ, and filed an answer in his own name, in which he admitted having the said Kelsey in his custody, and set forth as the cause thereof that he had a warrant of arrest and an order of commitment issued by a certain magistrate in an action pending before him entitled the *State of Utah* v. *Frank P. Kelsey*, defendant, wherein the defendant was accused of murder. A hearing was had before the district court on February 23, 1924, at the conclusion of which the court made an order discharging and releasing Kelsey from the custody of the sheriff.

On April 12, 1924, a notice of appeal, signed "Wm. B. ·Higgins, District Attorney," was filed in the district court. The notice is entitled *"The State of Utah, Plaintiff, v. Frank P. Kelsey, Defendant,"* is directed to "Frank P. Kelsey, the defendant above named, and to Samuel A. King, his attorney," and states that "the state of Utah hereby appeals to the Supreme Court of Utah from the order of the above-entitled court, issued on the 18th day of February, A. D. 1924, granting a writ of habeas corpus, also from the said writ of habeas corpus issued on said day, and also from the order, made on the 23d day of February, 1924, by said court in said case, sustaining said writ of habeas corpus, and releasing the said Frank P. Kelsey from custody," etc. There is nothing whatever in the notice of appeal to indicate that the appeal is taken by or on behalf of the sheriff. The notice of appeal does not appear to have been served on Kelsey, or on his attorneys, or at all.

The original petition and the decision and judgment of the court are entitled *"In the Matter of the Application of Frank P. Kelsey for a Writ of Habeas Corpus."* It nowhere appears in the record that the state of Utah, as·such, appeared in or was made a party to the proceeding. The

case was docketed in this court under the title contained in the notice of appeal.

Upon this record the vital question arises: Is the state of Utah a party to the proceeding, or authorized to appeal from the judgment? If not, the appeal cannot be entertained, but must be dismissed. The right of appeal is purely statutory and exists only by express law. *State* v. *Olsen*, 39 Utah, 177, 115 P. 968; *In re Jones' Estate*, 56 Utah, 291, 190 P. 783.

The statute of this state (Comp. Laws Utah 1917, § 6993) provides that "any party to a judgment or decree may appeal therefrom." There is no authority for an appeal by persons not parties to the judgment or decree. The state, like an individual person, has the right of appeal from a judgment in a civil action, but it cannot appeal when it is not a party. *Georgia* v. *Jesup*, 106 U. S. 458, 1 S. Ct. 363, 27 L. Ed. 216; *South Carolina* v. *Wesley*, 155 U. S. 542, 15 S. Ct. 230, 39 L. Ed. 254; *Fry* v. *Britton*, 2 Heisk. (49 Tenn.) 606. Habeas corpus proceedings are civil and not criminal, and belong to what, under the Code, are termed "special proceedings." In such proceedings the applicant is the plaintiff, and the party who restrains the applicant is defendant. *Winnovich* v. *Emery*, 33 Utah, 345, 93 P. 988.

The only parties to the proceedings under consideration were Frank P. Kelsey, plaintiff, and Wilford Goff, sheriff, etc., defendant. The state of Utah was not a party to the proceedings or judgment, and therefore has no right of appeal therefrom.

Appeal dismissed.

WEBER, C. J., GIDEON and FRICK, JJ., and McCREA, District Judge, concur.

THURMAN, J., did not participate herein.