dend paid by the new company from its "paid-in surplus" was a distribution of profits and not of capital and therefore taxable as income.

The question involved in this case has been recently determined by the Circuit Court of Appeals of the Second Circuit in Commissioner of Internal Revenue v. Sansome, 60 F.(2d) 931, in which case a petition for a writ of certiorari was denied by the Supreme Court on December 19, 1932. In that case it was held that a reorganization of a corporation whereby the stockholders of an old company received stock of a new corporation in exchange therefor, wherein the stockholders were not taxable for a gain or loss under section 202 (c) (2), supra, was not such a change in corporate identity as prevented the new company from being considered as a continuing venture under section 201 of the Revenue Act of 1921 (42 Stat. 228) and that whatever were earnings of the original corporation continued to be such in the hands of the new corporation. Consequently it was held that when such earnings were distributed by the new corporation they were then taxable as "dividends" within the meaning of that term as used in section 201, supra.

It makes no difference in principle whether the distribution was as a regularly declared dividend or as a liquidating dividend, for in either event there is a distribution of earnings taxable as a dividend under section 201, supra.

We are in accord with the view expressed by the court in the Sansome Case, and it is unnecessary to discuss the other authorities cited by the parties.

Judgment reversed.

Craig & Weller and Thomas S. Tobin, all of Los Angeles, Cal., for petitioners.

Hiram E. Casey, of Los Angeles, Cal., for respondent.

Before WILBUR and SAWTELLE, Circuit Judges, and ST. SURE, District Judge.

WILBUR, Circuit Judge.

The application of creditors whose claims have been disallowed to appeal from the order of the District Court affirming the order of the referee appointing E. W. Bailly as the duly elected trustee in bankruptcy, based upon the claims that the referee erred in disallowing the appellants' claims and in allowing the claims of the creditors whose votes elected the trustee, will not be allowed. The orders of the District Court allowing or rejecting claims are appealable under 11 USCA § 48. The court could not properly review these matters upon an appeal from an order approving the appointment of a trustee, where such approval is based upon his election by a majority of the creditors whose claims had been allowed.

---

**In re FONTANA MERCANTILE CO., Inc.**
**HAAS BARUCH & CO. et al. v. CASEY et al.**

No. 6971.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1933.

---

**In re UNITED STATES GUARANTY CORPORATION.**

**ALLEN et al. v. KEMP.**

**SAME v. JENKINS.**

Nos. 7047, 7046.

Circuit Court of Appeals, Ninth Circuit.

Jan. 27, 1933.