In re MILWAUKEE & SAWYER BLDG. CORPORATION.

HARKINS v. MILWAUKEE & SAWYER BLDG. CORPORATION.

No. 5613.

Circuit Court of Appeals, Seventh Circuit.
Oct. 12, 1935.

George S. Marks, of Chicago, Ill., for appellant.

Edward R. Tiedebohl, of Chicago, Ill., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

PER CURIAM.

Petitioner is a creditor of the Milwaukee & Sawyer Building Corporation, debtor, being the owner of one bond of the face value of $500 of an issue of $745,000 put out by that corporation and secured by a first mortgage on premises owned by it. On August 29, 1935, she filed in this court her petition praying:

1. An order requiring Judge Barnes to show cause why he should not vacate an order entered by him on August 6, 1935, denying her the right to have the cause heard by a judge other than Judge Barnes, and refusing to have the cause transferred to another judge.

2. An appeal from the above order in accordance with an assignment of error attached to her petition.

3. A citation directed to Judge Barnes to appear before this court.

4. That a transcript of the record and evidence in the proceeding relative to the transfer of the cause be transmitted to this court.

The petition was considered as in the nature of an appeal from an order of Judge Barnes denying petitioner the right to file a certain affidavit of prejudice and for a change of venue, and this court allowed the appeal as prayed. Since the filing of the petition and granting of the appeal, the debtor has by motion to vacate the order of this court and to enter an order denying the appeal, or, in the alternative, to dismiss the appeal as allowed, called to our attention the fact that petitioner was not a party to the litigation below except for the limited purposes provided in section 77B, subsection (c) (11) of the Bankruptcy Act, 11 USCA § 207 (c) (11), which is as follows: "Any creditor * * * shall have the right to be heard on the question of the permanent appointment of any trustee * * * and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

Petitioner filed no intervening petition in the proceedings below, hence was a party to them only for the specific purposes enumerated in the statute. It follows that she was not entitled to pray an appeal to this court nor to the other relief sought in her petition. It also follows that she was not entitled to file the affidavit, the denial of which constitutes the basis of her complaint, since sections 20 and 21 of the Judicial Code, 28 USCA §§ 24 and 25, which have to do with the disqualification of judges to sit in cases in which they have any interest or in which they have any personal bias or prejudice, both contemplate that only a party to the litigation may complain of the interest or prejudice of the judge before whom the cause is being heard. See Anchor Grain Co. v. Smith (C. C. A.) 297 F. 204; Cuddy v. Otis (C. C. A.) 33 F.(2d) 577. See also Reid v. Judges of Circuit Court (C. C. A.) 175 F. 774.

Appeal dismissed without recovery of costs.