**In re 211 EAST DELAWARE PLACE BLDG. CORPORATION.**

**No. 59144.**

District Court, N. D. Illinois, E. D.
May 22, 1936.

Meyer Abrams, of Chicago, Ill., for petitioners Harold Maniloff and J. M. Eckert Co.

Courshon, Carson & Freeman, of Chicago, Ill., and Taylor, Chasnoff & Willson, of St. Louis, Mo., for Bondholders' Committee.

Johnson, Swanstrom, Wiles & Clawson, of Chicago, Ill., for trustee.

Joseph Fisher and Deneen, Healy & Lee, all of Chicago, Ill., for debtor and its stockholders.

Thomas Sullivan, of Chicago, Ill., for petitioning creditors.

Pritzker & Pritzker, of Chicago, Ill., for Bondholders' Committee and Chicago Title & Trust Co., trustee.

Topliff & Horween, Edward Berkson, and Adams, Emerson & Branand, all of Chicago, Ill., for creditors.

EVAN A. EVANS, Acting District Judge.

A petition has been presented to the court on behalf of Harold Maniloff and J. M. Eckert Co., who assert they are judgment creditors of 211 East Delaware Place Building Corporation. As such creditors they seek a vacation of the final decree entered in the above entitled matter and,

in the alternative, an order allowing an appeal from said final decree. One of the petitioners, J. M. Eckert Co., asserts that it is the holder of two judgments rendered in 1929, aggregating $1229.10. The other petitioner, Harold Maniloff, asserts himself to be a judgment creditor by virtue of a judgment entered in October, 1933. His judgment is based upon a $500 first mortgage bond issued by the debtor. All holders of such bonds are taken care of by the plan of reorganization.

A plan of reorganization of 211 East Delaware Place Building Corporation was submitted to the court for approval upon the recommendation of more than the requisite number and percentage of creditors of each class, including judgment creditors. It was approved by the court on the 16th day of December, 1935. No appeal was taken from the order approving such plan, and the time for taking such appeal has expired. Since the court approved the plan it has been executed by over 90% of the security holders' surrendering their bonds and accepting new ones in their place. Certificates of stock have been issued to those entitled thereto (among others judgment creditors), and the execution of this part of the plan has been almost completed. A certificate representing eight shares of stock in favor of J. M. Eckert Co. has been sent by registered mail to it and a registered letter receipt has been returned.

The question which is now presented to the court involves the right of the said petitioners to file their petition to appeal from the final decree and to have the same granted. I have already denied petitioners' motion to vacate said final decree.

■ The court is inclined to grant to any aggrieved party the right to appeal from any order or decree which it enters. It should not, however, shirk its duty to determine who under the statute may appeal. The court's duty to prevent delay in the consummation of the plan, which has the approval of over 90% of the security holders, by refusing to grant to certain junior creditors permission to appeal is as clear as it is to allow appeals when the statute authorizes them.

Subsection (c) of section 77B (11 U.S.C.A. § 207 (c) reads as follows:

"The debtor shall have the right to be heard on all questions. Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

This subsection of section 77B gives a creditor the absolute right to be heard (a) on the permanent appointment of a trustee and (b) upon the confirmation of the plan of reorganization. Such creditor may also be heard "upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

When the plan of reorganization was submitted to the court all parties, including petitioners, were given the opportunity to be heard. There was not one dissenting voice. All who were in court, either personally or by attorney (and they represented all the stockholders and over 90% of all the creditors), asked the court to confirm the plan. The order of confirmation was entered upon this unanimous request, and no appeal therefrom was ever sought. *The time limited by the statute within which to appeal has expired.*

The precise question therefore is, May a creditor who was not a party to the proceedings—who never filed a petition for leave to intervene—appeal from the *final decree?*

■ It is of course elementary that no one but a party to a suit can appeal from a decree or order entered in such suit. In re Milwaukee & Sawyer Bldg. Corporation, 79 F.(2d) 478 (C.C.A. 7); section 5427, Hughes, Cyclopedia of Federal Procedure; Indiana Southern R. Co. v. Liverpool, L. & G. Ins. Co., 109 U.S. 168, 3 S.Ct. 108, 27 L.Ed. 895; United States ex rel. Louisiana v. Jack, 244 U.S. 397, 37 S.Ct. 605, 61 L.Ed. 1222; Bayard v. Lombard, 9 How. 530, 13 L.Ed. 245; Connor v. Peugh's Lessee, 18 How. 394, 15 L.Ed. 432; The William Bagaley v. United States, 5 Wall. 377, 18 L.Ed. 583; Sage v. Central R. R. Co. of Iowa, 93 U.S. 412, 23 L.Ed. 933; Ex parte Cutting, 94 U.S. 14, 24 L.Ed. 49; Ex parte Cockcroft, 104 U.S. 578, 26 L.Ed. 856; Ex parte Leaf Tobacco Board of Trade, 222 U.S. 578, 32 S.Ct. 833, 56 L.Ed. 323; Farmers' Loan & Trust Co. v. Waterman, 106 U.S. 265, 1 S.Ct. 131, 27 L.Ed. 115.

The petitioners were not parties to the proceedings. They could be heard on two matters without being made parties; viz., (a) appointment of the permanent trustee and (b) upon the confirmation of the plan of reorganization. They could not be heard in any other matter, save as the judge, upon the filing of a petition for leave to intervene, determined. If a creditor is not a party to the proceedings and therefore cannot be heard, save in respect to two matters, it follows that he cannot appeal from any order upon which he has no right to be heard.

It follows that inasmuch as a final decree is not an order upon which a creditor may be heard (save on filing a petition to intervene and securing favorable action from the judge), then a creditor as such has no right to appeal from a final decree.

There are several good reasons why Congress limited a creditor's right to be heard. It would doubtless be sufficient, without going into the reasons, to say that Congress has not seen fit to give creditors the right to appeal from all orders or to attack all orders in the District Court, and therefore there exists no right of appeal. The reasons for the Congressional action, however, are so pertinent and persuasive as to lend strong support to the conclusions which I have reached.

The purpose of the enactment, commonly known as 77B, was to avoid delays in the reorganization of financially embarrassed corporations and to prevent a single creditor from obstructing the prompt and effective administration of estates of debtors who seek the relief which this remedial statute (77B) affords to both debtors and creditors. If a single creditor may obstruct the efforts of over 90% of the creditors of each class, 77B would be no improvement over the old foreclosure proceedings where small minority creditors could and did create nuisance values by refusing to join in a reorganization. If this same group may accomplish the same thing (delay and obstruction) by appeal, then they, too, may create nuisance values which the statute was intended to prevent. Of course to be accurate it should be said that the malodorous action of creating nuisance value is not the work of the creditor alone. It is more frequently the attorney not the creditor whose conduct is reprehensible.

Congress was not unacquainted with the maneuvers and manipulations of those who are skilled in the art of creating and developing nuisance values. It rightly looked upon them as leeches worse than usurers. At least they are lustier and more persistent in asserting imaginary rights and noticeably less modest when stating the price at which they will forego their right to appeal or waive their right to insist upon the full period of redemption. Courts of equity have always had to deal with them. But with the enactment of 77B they have swarmed the courts like locusts. No extravagance of language is indulged when I say they are as welcome in our midst as the measles, and, if either Congress or the courts are ever able to drive them hence, their departure will be unmourned.

Congress sought to avoid successful efforts to thus create nuisance values by not recognizing creditors as parties. On only two matters may creditors be heard as a matter of right. When the purpose of their appearance is unworthy or improper the court may refuse them the status of a party in other matters. On the other hand, when properly actuated the court may allow them to intervene and give them the standing of parties, which carries with it the right to appeal.

The present case illustrates the wisdom of the reasons back of the above-quoted legislation. The first mortgage upon the only assets of the debtor exceeded the value of the property. The petitioners' judgments are junior to this mortgage. Their interest is not actual nor real. They possess merely a naked right which might be more properly termed the shadow of a right. If they may be permitted to appeal, they may thwart the execution of the well-worked-out plans of bondholders whose liens, aggregating approximately one half million dollars, are ahead of their judgments. In the writer's opinion it was the purpose of Congress to prevent such frustration of plans, and to accomplish this result, creditors as such, were not given the right to appeal from all orders. They may, within the time fixed, appeal from the order confirming the plan of reorganization. They cannot appeal from the final decree.

Counsel for the bondholders will prepare and submit an order denying petitioners' prayer for relief.