## In re TRUST NO. 2988 OF FOREMAN TRUST & SAV. BANK.*

### TETZKE v. TRUST NO. 2988 OF FOREMAN TRUST & SAV. BANK.

#### No. 5915.

Circuit Court of Appeals, Seventh Circuit.
Oct. 16, 1936.

Bernard Shulman and Meyer Abrams, both of Chicago, Ill., for appellant.

Benjamin V. Becker, Don M. Peebles, Max Swiren, James G. Sheridan, and John Mulder, all of Chicago, Ill., for appellee.

Before SPARKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

LINDLEY, District Judge.

Appellant, owner of bonds of the face value of $3,000, out of a total of three is-

*Writ of certiorari denied 57 S. Ct. 235, 81 L. Ed. ——.

sues aggregating $6,000,000, appeals from a final decree terminating a completed reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). Appellee moves to dismiss the appeal.

Appellee, Trust No. 2988 of the Foreman Trust & Savings Bank, filed its petition for reorganization on the 13th day of May, 1935. The recommendation of the special master that the petition be approved as properly filed was confirmed by order of the District Court on the 19th day of July, 1935. Appellant then prayed two appeals from this order, asserting invalidity on the ground of lack of jurisdiction. On the 11th day of November, 1935, these appeals were dismissed. (C.C.A.) 81 F.(2d) 1022. The Supreme Court denied writ of certiorari. Tetzke v. Trust No. 2988 of Foreman Trust & Savings Bank, 297 U.S. 707, 56 S.Ct. 497, 498, 80 L.Ed. 994.

Pending these proceedings, a plan of reorganization was proposed and, after acceptance by more than 96 per cent. of the bondholders, on the 9th day of April, 1936, was confirmed by the court. On May 4, 1936, the court approved the final account of the trustee and report of consummation of reorganization and entered its decree finally disposing of the cause. Appellant prayed and was allowed an appeal from this final decree, by order entered May 6, 1936.

Appellant at no stage of the proceedings petitioned the court for leave to intervene; nor was any order ever entered granting him such right. He appeared in the District Court only upon exceptions to the master's report. His exceptions challenged the jurisdiction of the court and the fairness of the plan. They did not reach any of the provisions of the final decree.

■■ Subdivision (c) of section 77B of the Bankruptcy Act (11 U.S.C.A. § 207 (c) provides that any creditor or stockholder shall have the right to be heard on the question of appointment of a permanent trustee and upon the proposed confirmation of any reorganization plan, and further, upon filing petition for leave to intervene, on such other questions arising in the proceedings as the judge may determine. Thus, a single creditor who has not obtained permission to intervene may be heard in the District Court on the appointment of a trustee and upon confirmation of a plan but not upon other questions. The mere filing of objections or exceptions is insufficient to constitute intervention and

such an objector is not a proper party to appeal. South Carolina v. Wesley, 155 U. S. 542, 15 S.Ct. 230, 39 L.Ed. 254.

■ We agree with Judge Evans (In re 211 East Delaware Place Bldg. Corporation [D.C.] 15 F.Supp. 947), that no one but a party to a suit may rightfully appeal; further, that an individual creditor is not a party to a reorganization proceeding, except in the limited manner above mentioned, and may be heard on other matters only when permitted to intervene; that, inasmuch as a final decree is not an order upon which a creditor may be heard, except after authorized intervention, such creditor, in the absence of such intervention, has no right to appeal from such decree. Accordingly, under the Bankruptcy Act, the appellant is not a party and is without right to appeal, and the motion to dismiss must be allowed.

■ A further ground for allowance of the motion arises from insufficiency of the assignments of error under the rules of this court and their inapplicability to the decree appealed from. An assignment that the decree was void for want of jurisdiction and without warrant of law does not comply with the requirements of particularity of rule 10 of this court. Smith v. Hopkins, 120 F. 921 (C.C.A.7); Northern Central Coal Co. v. Barrowman (C.C.A.) 246 F. 906; Lahman v. Burnes National Bank (C.C.A.) 20 F.(2d) 897; Washburn v. Douthit (C.C.A.) 73 F.(2d) 23.

■ Furthermore, the only objections raised in the District Court to the final decree were those relating exclusively to (1) the question of jurisdiction, which was settled by the order approving the petition as properly filed and (2) the fairness of the plan, from the order approving which there was no appeal. An order in bankruptcy proceedings, from which either an absolute or discretionary appeal may be had, may be reviewed only upon an appeal from that order and not on an appeal from a subsequent order. Fontana Mercantile Co., Inc., 62 F.(2d) 1047 (C.C.A.9); Wheeler v. Smith, 30 F.(2d) 59 (C.C.A.9) ; In re Kest, 78 F.(2d) 705 (C.C.A.2); In re S. W. Straus & Co., 67 F.(2d) 605 (C.C.A.2). Otherwise a party might permit the time within which to appeal from an interlocutory order to expire and then by an appeal from a final order, by indirection, achieve a review of something which it was not entitled to review. Inasmuch as the assignments of error refer to the action of the

court in entering orders approving the petition as properly filed and approving the plan, and, as no assignment is applicable to the final decree, which alone is involved here, the appeal should be dismissed.

Regardless of the propriety of this conclusion, we have examined the record upon the merits and have given consideration to the contentions of appellant. We find no error.

The appeal will be dismissed, at the cost of appellant.