**In re GRANADA APARTMENTS, Inc.**

**CITY NAT. BANK & TRUST CO. OF CHICAGO et al. v. WOODS et al.**

No. 6744.

Circuit Court of Appeals, Seventh Circuit.
Feb. 25, 1939.

Rehearing Denied July 11, 1939.

---

Don Kenneth Jones, Vincent O'Brien, and John M. Baker, all of Chicago, Ill., for appellants.

Weightstill Woods, of Chicago, Ill., for appellees.

Before MAJOR, TREANOR, and KERNER, Circuit Judges.

MAJOR, Circuit Judge.

This is an appeal from an order of the District Court entered July 15, 1938, allowing the sum of $4000 on account of services rendered by appellee, Weightstill Woods, as trustee, appointed by the court in a proceeding under 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, for the reorganization of Granada Apartments, Inc.

The proceedings were involuntary and by order entered March 17, 1937, were approved as properly instituted. The principal property of the debtor was a five-story furnished apartment hotel encumbered by a first mortgage trust deed securing outstanding unsubordinated bonds in the principal sum of $485,500, and subordinated bonds in the principal sum of $25,000.

The appellants are City National Bank and Trust Company (hereinafter referred to as Trust Company), the successor trustee under the mortgage securing the bond issue, and members of a bondholders' committee (hereinafter referred to as the committee), representing holders of first mortgage bonds, acting under a deposit agreement dated April 25, 1933, and which, at the time of the reorganization proceedings, had on deposit almost two-thirds of the outstanding unsubordinated bonds. Prior to the commencement of the present proceedings, a mortgage foreclosure instituted by the trust company was had in the state court, which proceeded to a decree for sale more than four months prior to the filing of the petition in the instant matter. At the time of the appointment of appellee, Woods, as court trustee, the debtor's property, then in the possession of the trust company, was surrendered to the court trustee. Among the claims filed against the debtor's estate was that of the trust company, referred to as Claim No. 9, for compensation and expenses allowed it and provided for in the foreclosure decree in the state court.

May 21, 1937, the committee was granted leave to intervene in the proceedings and to file a plan of reorganization, which, with the requisite consent of creditors, was confirmed by the court July 15, 1937. Under the plan as confirmed, a new corporation was to be organized with authority to take over the assets of the debtor and to assume its liabilities in the manner and to the extent as provided in the plan.

October 22, 1937, on the petition of the committee, an order was entered authoriz-

ing it to incorporate the reorganized company, and directing Woods, as trustee, to forthwith execute and deliver to the reorganized company a deed to debtor's property and to turn over to it possession of all the property and assets of the debtor, excepting cash in bank to the trustee's credit and excepting certain designated claims and rights of action which were to be retained by the trustee for the purpose of continuing the prosecution thereof to final disposition. The order provided that all costs, fees, taxes and expenses incurred in connection with the consummation of the plan of reorganization were to be paid by the Trustee from funds of the debtor in his possession until such time as he should turn over the property and assets of the debtor to the reorganized company, and, thereafter, such costs, fees, taxes and expenses were to be paid by the reorganized company.

The new corporation, Granada Apartments Hotel Corporation, was issued a charter by the State of Illinois October 30, 1937, and on November 1, 1937, the trustee executed and delivered to it a deed to the real estate and an assignment of all the personal property of the debtor, as well as possession, management and control of the debtor's property and affairs, excepting only cash in bank and rights of action as directed by the court in its order of October 22, 1937. In conformity with the plan, the bondholders and other creditors of the debtor were issued securities of the new corporation in lieu of those of the debtor. The original trust deed by which the trust company received its authority, as well as the committee representing bondholders whose bonds were secured thereby, was cancelled and released of record in the Recorder's office of Cook County, Illinois, on February 10, 1938, surrendered to the court trustee, and by him delivered to the new corporation.

In the meantime, appellee Woods, as court trustee, had filed a petition requesting the allowance of compensation for services rendered by him, and by order of October 27, 1937, was allowed the sum of $3500 in full for all services to October 20, 1937, excepting therefrom, services which might be rendered by him in the prosecution of certain designated claims heretofore referred to. Appellee contends that the court disallowed Claim No. 9 of the trust company, while the latter contends to the contrary. The record is somewhat uncertain

in this respect, but it seems, in a colloquy between the court and counsel on July 14, 1938, the court expressed itself to the effect that neither the trust company nor its attorneys would be allowed any further fees or compensation, but indicated that certain claims which the trustee had against the trust company might be offset against its claim. No order was entered by the court, however, determinative of the trust company's Claim No. 9.

■ The chief target of attack directed at the court's order of July 15, 1938, (the order appealed from) is that the allowance to the appellee as compensation for services rendered by him as court trustee, is grossly excessive and that the allowance included compensation for legal services rendered while serving as court trustee, for which he could not be legally compensated. Before we are permitted to consider the merits of the appeal, however, we must determine a jurisdictional question with which we are confronted. If without jurisdiction, the merits of the controversy will, of necessity, remain undetermined. The motion by appellee to dismiss the appeal for the want of jurisdiction, has heretofore been denied, but the motion being renewed, there is no doubt of our authority, as well as our duty to reconsider it. The principal contention made by appellee in support of such motion is that neither of the appellants is such a party to the proceedings below as to have any right or authority to appeal from the order in question. After giving the situation careful study, we come to the conclusion that appellees' position must be sustained and that our order heretofore entered denying the motion to dismiss, was improvident.

■ It would seem, on general principles, that neither the bank trustee, nor the committee, had any interest in the proceedings after the plan of reorganization, approved by the court, had been consummated, with the exception of the former's Claim No. 9, which we shall assume was pending at the time of the entry of the order appealed from. The deed of trust from which the former received its authority, and the bonds deposited with the latter and from which it received its authority, were, as heretofore recited, cancelled and delivered to the reorganized company and thus this basis upon which both appellants participated in the reorganization proceedings was destroyed. We do not understand that either of the appellants contend to the con-

trary, but it is urged that inasmuch as the trust company had its Claim No. 9 pending and undisposed of, it is entitled to appeal by reason of Section 77B (c) (9), U.S. C.A. Title 11, § 207 (c) (9).[1] We are cited to no case and we are unable to find one where the question here presented has been directly decided. It is evident, however, that Clause 9 must be construed in connection with the pertinent portion of Clause 11, which follows in the same paragraph.[2]

This court in Re Rosenbaum Grain Corporation, 7 Cir., 83 F.2d 391, decided adversely to the right of a stockholder to be heard, and on page 394 said: "The right of a stockholder to be heard is defined and limited by section 77B (c) (11), 11 U.S.C.A. § 207 (c) (11), to the questions of the permanent appointment of trustees, or the proposed confirmation of a plan of reorganization 'and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine.' Appellants filed their appearances but did not intervene. Under the rule announced in, In re Milwaukee & Sawyer Building Corporation, 79 F.2d 478 (C. C.A. 7), the stockholders were not parties who could properly appeal without showing that they had been permitted to intervene."

That a creditor has no right to appeal except as an intervenor was held by us in In re Milwaukee & Sawyer Building Corporation, 7 Cir., 79 F.2d 478, 479.

In Re Trust No. 2988 of Foreman Trust & Savings Bank, 85 F.2d 942, wherein a creditor sought to appeal from a final decree, this court, on page 943, said: "We agree with Judge Evans (In re 211 East Delaware Place Bldg. Corporation (D.C.) 15 F.Supp. 947), that no one but a party to a suit may rightfully appeal; further, that an individual creditor is not a party to a reorganization proceeding, except in the limited manner above mentioned, and

may be heard on other matters only when permitted to intervene; * * *."

Blumgart et al. v. St. Louis-San Francisco Ry. Co., 8 Cir., 94 F.2d 712, is of similar effect.

As to these cases, appellant in its reply brief says:

"But in none of these cases was an appeal sought from a fee allowance, and Section 77B (c) (9) was, therefore, inapplicable.

"As to Appellees' contention that intervention is discretionary with the Trial Court and Appellants are not allowed to intervene it is sufficient to again refer to Section 77B (c) (9)."

We are unable to agree that Clause 9 is capable of such a construction. The words "but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals and independently of other appeals in the proceeding and shall be heard summarily" merely designate a class of orders from which an appeal may be taken without in anywise enlarging the class of persons who are entitled to appeal. If, under that clause, one creditor, without intervening, is allowed to appeal from an order allowing a claim of another creditor, or the trustee, as is the case here, then it is clearly inconsistent with Clause 11 which allows a creditor or stockholder to be heard only upon, first, the permanent appointment of a trustee, and, second, the proposed confirmation of a plan, and upon other questions only as the Judge shall determine upon intervention. If a creditor or stockholder can not be heard without intervention upon the question involved in the order appealed from, it would seem to follow necessarily that such creditor or stockholder would have no right of appeal. No one could properly appeal from such an order other than a party to the proceedings, and it is admitted, or at any rate not disputed, that neither of the appellants

---

[1] "(9) may allow a reasonable compensation for the services rendered and reimbursement for the actual and necessary expenses incurred in connection with the proceeding and the plan by officers, parties in interest, depositaries, reorganization managers and committees or other representatives of creditors or stockholders, and the attorneys or agents of any of the foregoing and of the debtor, but appeals from orders fixing such allowances may be taken to the Circuit Court of Appeals independently of other appeals in the proceeding and shall be heard summarily."

[2] "The debtor shall have the right to be heard on all questions. Any creditor or stockholder shall have the right to be heard on the question of the permanent appointment of any trustee or trustees, and on the proposed confirmation of any reorganization plan, and upon filing a petition for leave to intervene, on such other questions arising in the proceeding as the judge shall determine."

is a party. Having neither sought nor been granted leave to intervene, the trust company, as a mere creditor, was without right to be heard, and, consequently, without right of appeal.

Our construction of Clause 9 is, we think, consistent with Clause 11, while the construction sought to be placed upon Clause 9 by appellants is inconsistent therewith, or at any rate, ignores it. Appellees' motion to dismiss the appeal is allowed at appellants' costs.